PERRY HAMBRICK, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 8, 1920.

1. "When the record in a criminal case shows fully the crime for which the prisoner was indicted and all the proceedings thereon, through trial and verdict up to conviction and sentence, the failure in the sentence to name the crime for which the prisoner is sentenced may be supplied by reference to the rest of the record."

2. The entire record may be looked to in ascertaining the offense for which an accused is sentenced, and an erroneous recital or statement of the offense by the court in pronouncing sentence, or of the clerk in recording the judgment imposed in the minutes of the proceedings kept by him, will not vitiate the judgment when the record fully discloses the offense for which the accused was indicted, tried and convicted.

A Writ of Error to the Circuit Court for Bay County; C. L. Wilson, Judge.

Affirmed.

*E. Dykes,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WEST, J.—Plaintiff in error was tried and convicted upon a charge of having carnal intercourse with an unmarried female person of previous chaste character under the age of eighteen years. Motion for new trial was denied. Sentence was imposed and to this judgment writ of error was taken from this court.

The first assignment of error raises the question of the sufficiency of the evidence to support the verdict. To recite the evidence in this opinion would be of no benefit. It is, we think, ample to support the verdict and there is nothing in the record to indicate that the jury was influenced by any consideration outside the evidence.

The judgment imposing sentence was as follows: "The prisoner being led to the bar in custody was asked by the court if he had anything to say why the sentence of the law should not be pronounced against him, and he saying nothing in bar or preclusion thereof the judge pronounced the following judgment and sentence. You having been convicted of the crime of having carnal intercourse with an unmarried female under the age of eighteen years, the Court adjudges you to be guilty. It is the judgment of the court and the sentence of the law that you, Perry Hambrick, for your said crime do be confined at hard labor in the State prison for the term of three years."

It is contended that this judgment is void and in support of this contention it is said that the sentence was imposed under Section 3521, General Statutes of Florida, Florida Compiled Laws Section 3521, which section was repealed by Chapter 7732, Laws of Florida, Special Session 1918. There is nothing in the record to indicate this except the omission of the words "of previous chaste character" from the recital by the trial judge of the offense of

which plaintiff in error had been found guilty by the verdict of the jury and upon which the court was then about to pronounce the sentence of the law.

The offense denounced by Chapter 7732 was sufficiently alleged in the indictment and was fully proved by the evidence upon the trial of the case. The verdict found the defendant "guilty as charged," and the judgment refers to the offense for the punishment of which sentence was imposed as "your said crime."

The recital by the trial court, in which the omission occurred, is not an essential part of the judgment. Mathis et al. v. State, 67 Fla. 277, 64 South. Rep. 944. The record clearly shows the offense for which plaintiff in error was on trial and of which he was duly convicted.

In Pointer v. United States, 151 U. S. 396, it was urged that the sentence imposed was defective in that it did not state the offense of which the defendant was found guilty. The opinion in that case recites that the record disclosed an indictment duly returned by a grand jury charging the defendant with the crime of murder, his arraignment and plea of not guilty upon the indictment, his trial and a verdict of guilty of murder as charged in one of the counts of the indictment. It was held that when the defendant was brought into court and asked if he had anything to say why the sentence of the law upon the verdict theretofore returned against him in said cause should not be pronounced, there could be no doubt as to the offense of which he was found guilty and on account of which he was sentenced to suffer the penalty of death. In dealing with the question the court held that "when the record in a criminal case shows fully the crime for which the prisoner was indicted and all the proceedings thereon,

through trial and verdict up to conviction and sentence, the failure in the sentence to name the crime for which the prisoner is sentenced may be supplied by reference to the rest of the record." See also Ex Parte Gibson, 31 Cal. Rep. 619; State v. Cook, 92 Ia. 483, 61 N. W. Rep. 185; People ex rel. Hutchinson v. Murphy, 188 Ill. 984, 58 N. E. Rep. 984.

In the case under consideration the record shows that plaintiff in error was indicted, tried and convicted on a charge predicated upon Chapter 7732, Laws of Florida, special session 1918, and it is apparent from the record that the judgment was imposed pursuant to the conviction of the offense charged in the indictment against him.

The entire record may be looked to in ascertaining the offense for which the accused is sentenced, and an erroneous recital or statement of the offense by the court in pronouncing sentence, or of the clerk in recording in the minutes of the proceedings kept by him the judgment imposed, will not vitiate the judgment when the record fully discloses the offense for which the accused was indicted, tried and convicted. In such case the record furnishes a complete protection against another prosecution for the same offense. 16 C. J. 1322; State v. DeHart, 109 Ia. 570, 33 South. Rep. 605; Johnson v. State, 106 Miss. 94, 63 South. Rep. 338; People v. Terrill, 133 Cal. 120, 65 Pac. Rep. 303; Ira Cole v. The People, 37 Mich. 544.

The judgment is therefore affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.