58 So.2d 694 (1952)
CASTON
v.
STATE.
Supreme Court of Florida, Special Division B.
March 7, 1952.
Rehearing Denied May 28, 1952.
W.D. Bell, Miami, for appellant.
Richard W. Ervin, Atty. Gen. and Reeves Bowen, Asst. Atty. Gen., for appellee.
CHAPMAN, Justice.
The defendant-appellant, James Caston, was informed against in the Criminal Court of Record of Broward County, Florida and charged with having intercourse with an unmarried female Negro girl of previous chaste character, who at the time it is alleged was under eighteen years of age, contrary to Section 794.05, F.S.A. The appellant upon arraignment entered a plea to the first count of the information, supra, and upon motion of the County Solicitor count two thereof, by an appropriate order of the trial court, was nolle prossed. On April 5, 1950, the trial court adjudged James Caston, defendant-appellant, guilty of the crime described or referred to in count one of the information. Sentence was withheld pending a pre-sentence investigation by the Florida Parole Commission.
On May 11, 1950, the cause was further heard by the trial court and the following language appears in the probation order: "the above defendant entered a plea of guilty to the offense of carnal intercourse with an unmarried person under eighteen *695 years, the Court does hereby adjudge you to be guilty of the crime for which you have plead guilty." The order placed the appellant on probation for a period of five years under the supervision of the Florida Parole Commission. Imposition of sentence was by the terms of the probation order suspended.
Pertinent are the following provisions of the probation order:
"It Is Further Ordered, That the aforesaid defendant shall comply with the following general and specific conditions of probation:
"(a) Not change the defendant's residence or employment or leave the county of residence without first procuring the consent of the Court, which consent shall be obtained through the defendant's Probation Supervisor.
"(b) Not later than the fifth day of each month, until the defendant's release, make a full and truthful report to the defendant's Probation Supervisor on the form provided for that purpose, and as otherwise directed by the Supervisor.
"(c) Use no narcotic drugs; nor visit places where intoxicants or drugs are sold, dispensed or used unlawfully; nor use intoxicants of any kind to excess.
"(d) Avoid injurious or vicious habits or bad reputation.
"(e) In all respects live honorably, work diligently at a lawful occupation, and support dependents, if any, to the best of defendant's ability, and live within what income is available.
"(f) Neither carry nor own any weapons without first securing the consent of the Probation Supervisor.
"(g) Visit no gambling places or `juke joints.'
"(h) Live and remain at liberty without violating any law.
"(i) Promptly and truthfully answer all inquiries directed by the Court and the Probation Supervisor; allow the Probation Supervisor to visit the home, employment site, or elsewhere, and carry out all instructions he gives.
"(j) If at any time it becomes necessary to communicate with the Probation Supervisor for any purpose and he is not accessible, direct such communication to the Florida Parole Commission, Tallahassee.
"It is the order of the Court and the defendant is hereby advised that the Court may at any time revoke or modify any conditions of this probation or change the period of probation, and may discharge defendant probation or extend the period of probation, as provided by law, and the probationer shall be subject to arrest for violation of any condition of probation herein set forth. The Court may at any time for cause vacate the order of probation and thereupon impose that sentence which might have been imposed in the first instance."
On September 5, 1951, J. Hopps Barker, a Supervisor of the Florida Parole Commission, made an affidavit before the Honorable W.T. Kennedy, Judge of the Criminal Court of Record of Broward County, Florida, to the effect that appellant Caston had violated one of the conditions of his probation, which was that Caston "shall live and remain at liberty without violating any law." The affidavit recites further that Caston was arrested on August 14, 1951, in Fort Lauderdale, Florida, by policemen thereof on the charge of possessing and selling lottery tickets, contrary to the ordinances of said city. He was duly arraigned in the Municipal Court and entered a plea of not guilty and the Municipal Judge, after hearing the evidence, found Caston guilty of possessing and selling lottery tickets and sentenced him to pay a fine of $500. A warrant was issued on the aforesaid affidavit for the arrest of Caston and he was brought before the Court for a hearing on whether or not he had violated the conditions of his probation.
At said hearing the trial Court held that appellant Caston had violated certain conditions of the order of probation under which he was permitted to remain at liberty and had not properly conducted himself when at liberty. The order is viz:
"This Cause coming on to be heard, and being heard in the September 1951 term of *696 this Court before the Honorable W.T. Kennedy, Judge, and it appearing that James Caston, hereinafter referred to as the aforesaid, on the 5th day of April, A.D. 1951, pled guilty of the offense of Carnal Intercourse with Unmarried Female under age of Fourteen in the Criminal Court of Broward County, which Court suspended the imposition of sentence and placed the aforesaid on probation for a term of Five (5) years on May 11, 1950, in accordance with the provisions of Section 20, Chapter 20519, Laws for Florida, 1941, and
"It further appearing that the aforesaid has not properly conducted himself, but has violated the conditions of his probation in a material respect by violating conditions `h' of his order of probation, which states that he shall `Live and remain at liberty without violating any law'. The aforesaid was arrested on August 14, 1951 in Ft. Lauderdale, Florida, by City Policemen Johnson, Hackworth and Roberts for possession of and selling lottery tickets in violation of Section 151.01 of the code of ordinances of said city. He was arraigned in the municipal court of Ft. Lauderdale, Florida, on August 15, 1951 before Hon. G. Earl James and entered a plea of not guilty. After hearing evidence the Court found the aforesaid guilty of the charge and ordered and adjudged that he be sentenced to pay $500 fine.
"It, Therefore, Is Ordered and Adjudged that the probation of the aforesaid defendant ought to be revoked and it is hereby revoked in accordance with Section 26, Chapter 20519, Laws of Florida, 1941, and the said defendant is hereby ordered to remain in the custody of this Court for the imposition of sentence in accordance with the provisions of law."
The trial Court entered an order on September 7, 1951, which revoked the "probation period of five years" under which Caston was at liberty when convicted in the Municipal Court of Fort Lauderdale, Florida. James Caston was sentenced to serve a period of eight years at hard labor in the State Prison for the crime of having intercourse with a female under eighteen years of age of previous chaste character, to which charge he had filed a plea of guilty on April 5, 1950. He was not then sentenced to the State Prison but placed on probation, the conditions of which the Court held he had violated. Caston appealed.
Counsel for appellant contends (1) that the trial Court was without authority to impose a sentence of eight years under a plea of guilty to an information drawn under Section 794.05, F.S.A.; (2) that it was the legal duty of the trial Court, after accepting the plea of guilty, to then examine the witnesses and from the testimony adduced determine the degree of the offense to which Caston plead guilty; (3) that the evidence of appellant's conviction in a municipal court was legally insufficient to support a revocation of the probation order under which Caston was to remain at liberty for a period of five years.
The record discloses that the appellant Caston was arraigned and entered a plea of guilty in the Criminal Court of Record of Brevard County, Florida, on an information drafted under the provisions of Section 794.05, F.S.A., which provides: "Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years, shall be punished by imprisonment in the state prison for not more than ten years, or by fine of not exceeding two thousand dollars." After the entry of a plea of guilty to the first count, the other count of the information was nolle prossed on motion of the County Solicitor of Broward County, Florida. Emphasis is placed on the contention that since the judgment of guilty entered by the trial Court against the appellant failed to recite that the unmarried female with whom appellant had intercourse was at said time of previous chaste character rendered the judgment void and invalid.
Our answer to this contention is that if the judgment of conviction fails or omits to state the exact crime for which the prisoner was sentenced, then the omission or defect may be supplied by reference to the rest of the record. We find from the record that the count of the information to which the appellant Caston entered a plea of guilty upon arraignment was drafted under *697 and in conformity with the several provisions of Section 794.05, F.S.A. The identical question as contended for by counsel for appellant was ruled upon and put at rest by this Court in the case of Hambrick v. State, 80 Fla. 672, 86 So. 623, 14 A.L.R. 987, which ruling is adverse to the contention of appellant's counsel. Questions one and two posed here for adjudication are without merit.
The third question posed by counsel for appellant is viz: "When the probation of defendant was revoked on the ground that he had violated condition (h) of his order of probation requiring him to `live and remain at liberty without violation of any law', should said probation order have been revoked upon the purported proceedings of a municipal court set forth in the affidavit, warrant and order of revocation?" The order of probation, inclusive of terms and conditions, dated May 11, 1950, as entered by the Judge of the Criminal Court of Record of Broward County, Florida, was made pursuant to the several provisions of Chapter 948, F.S.A. Section 948.02 prescribes the functions and duties of the Florida Parole Commission with reference to persons placed on probation by the Courts of Florida. The power or authority of the trial Court, by an appropriate order, to place the appellant on probation is not challenged by the gravamen of the contention is the revocation thereof. One of the Supervisors of the Parole Commission, after an investigation, made complaint which ultimately resulted in the revocation order of the trial Court here challenged.
Section 32 of Article 16 of the Constitution F.S.A., approved at the General Election in 1942 provided for the Parole Commission. This Section authorized the Legislature to create a Parole Commission with power to grant paroles or conditional releases or probation under official supervision to prisoners or persons charged with criminal offenses, and to make provision for the qualification method of selecting the Commission members and for their terms of office, the length of which shall be wholly within the discretion of the Legislature. Pursuant to the above constitutional mandate the Legislature of Florida enacted Chapters 947 and 948, F.S.A. We have from time to time, ruled upon certain provisions of Chapters 947 and 948. See Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293, 148 A.L.R. 1240, and Brill v. State, 159 Fla. 682, 32 So.2d 607.
Section 948.06(1), F.S.A., provides: "Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation officer may arrest such probationer without warrant wherever found, and forthwith shall return him to the court granting such probation. * * * The court upon the probationer being brought before it may commit him, or release him with or without bail, to await further hearing, or it may dismiss the charge. * * * the court, as soon as may be practicable, shall give probationer an opportunity to be fully heard on his behalf in person and by counsel. After such hearing the court may revoke, modify or continue the probation. If such probation is revoked the court may impose any sentence it might have originally imposed prior to placing the defendant on probation." The above statute simply provides for an informal hearing whereby the trial court may determine whether or not the conditions of the probation order have been violated. Brill v. State, supra; Ex Parte Alvarez v. State, 50 Fla. 24, 39 So. 481, 111 Am.St.Rep. 102, and similar cases.
Counsel for appellant contends that a conviction of the probationer in a municipal court is legally insufficient to sustain the revocation order here challenged. This contention may, in certain cases, rest on a firm foundation where the conviction does not constitute a serious infraction of the ordinance of a municipality, i.e., where the charge is over-parking, or the violation of some traffic regulation or some other minor offense prohibited by the ordinances of a city. In the case at bar the appellant was convicted in the Municipal Court of the crime of possession and sale of lottery tickets contrary to Section 156.01 of the Ordinances of the City of Fort Lauderdale. See Sections 168.08, 849.09 and 849.10, F.S.A.
*698 The Courts of Florida by Chapter 948, F.S.A., are authorized to place defendants in criminal cases on probation rather than sentence them to prison for a term of years. Section 948.03, F.S.A., prescribes the terms and conditions the Courts of Florida may impose or set out in orders granting probation to defendants in criminal cases. The probationer, in the acceptance of the probation, is bound by the terms and provisions enumerated in the Court's order granting the same. Section 948.06, supra, provides for notice and hearing on the question of revocation of the order of probation. It appears from an inspection of the entire record that the applicable statutes were observed by the trial court prior to the entry of the order of revocation. We fail to find error in the record.
Affirmed.
SEBRING, C.J., and MATHEWS, J., and PARKS, Associate Justice, concur.