HOBSON, Justice.
The only point we find it necessary to adjudicate in this case is raised by appellant’s contention that the judgment and sentence were improper and should be set aside.
Appellant was charged with breaking and entering a store building with intent to commit a misdemeanor therein, to wit: petty larceny. He was found by the jury “guilty as charged.” The court, however, adjudged him guilty of “burglary” and sentenced him to be confined at hard labor for a period of ten years.
The maximum sentence prescribed for the crime of breaking and entering with intent to commit a misdemeanor is five years. F.S. § 810.05, F.S.A. The State concedes that the sentence is excessive, and originally acknowledged that both judgment and sentence should be set aside on authority of Lewis v. State, 154 Fla. 825, 19 So.2d 199. In the Lewis case, on practically identical facts, we reversed the judgment and remanded the cause for a proper adjudication of guilt and sentence. The State has now, however, filled a supplemental memorandum in which the position is taken that the judgment below should be adhered to, although erroneous as it stands, and that we should recede from our pronouncement in the Lewis case. The ground alleged is an inconsistency between that case and others we have decided, notably Caston v. State, Fla., 58 So.2d 694 and Hambrick v. State, 80 Fla. 672, 86 So. 623, 14 A.L.R. 987, wherein we held that if a judgment of conviction fails or omits to state the exact crime for which the prisoner was sentenced, such omission or defect may be supplied by reference to the rest of the record. We have examined the cases relied upon by the State and find that, as the aforestated rule suggests, each of them concerned an omission to state the offense, or some element of the offense, of which the appellant was convicted. None of them treated the situation which confronted us in the Lewis case and which is now before us, wherein the trial court has adjudicated the appellant guilty of a different or greater offense than that of which he was convicted. Thus there is a clear distinction between the two lines of authority, and we think the evil of permitting a judgment of the Lewis type to stand is too plain to require further comment.
We adhere to Lewis v. State, supra, 19 So.2d 199, and upon the authority thereof we hold that the judgment here appealed from must be, and it is hereby, reversed and the cause remanded for a proper adjudication of guilt and sentence.
DREW, C. J., TERRELL, J., and STAN-LY, Associate Justice, concur.