340 So.2d 1273 (1976)
Andrew RUSSO, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1278.
District Court of Appeal of Florida, Fourth District.
December 24, 1976.
Richard L. Jorandby, Public Defender, and Henry S. Prettyman, Sp. Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.

ON PETITION FOR REHEARING
DOWNEY, Judge.
Appellant was charged with and convicted of buying or receiving or aiding in the concealment of stolen property knowing the same to have been stolen. The judgment and sentence appealed from adjudicated appellant "GUILTY OF BUYING OR RECEIVING OF [sic] AIDING IN CONCEALMENT OF STOLEN PROPERTY, AS CHARGED IN THE INFORMATION." The information alleged that Russo knew the property had been stolen.
The opinion of this court, published November 19, 1976, reversed and remanded this cause for entry of a proper judgment because the judgment failed "to recite knowledge on the defendant's part of the stolen character of the property."
On petition for rehearing the State correctly points out that such a judgment is not defective, relying upon Hambrick v. State, 80 Fla. 672, 86 So. 623, 14 A.L.R. 987 (1920), and Caston v. State, 58 So.2d 694 (Fla. 1952).
In Hambrick, supra, the Supreme Court stated the rule applicable herein as follows:
"`... [w]hen the record in a criminal case shows fully the crime for which the prisoner was indicted and all the proceedings thereon, through trial and verdict up to conviction and sentence, the failure in the sentence to name the crime for which the prisoner is sentenced may be supplied by reference to the rest of the record.'"
* * * * * *
"The entire record may be looked to in ascertaining the offense for which the accused is sentenced, and an erroneous *1274 recital or statement of the offense by the court in pronouncing sentence, or of the clerk in recording in the minutes of the proceedings kept by him the judgment imposed, will not vitiate the judgment when the accused was indicted, tried and convicted. In such case the record furnishes a complete protection against another prosecution for the same offense." Hambrick v. State, 80 Fla. at 674, 86 So. at 624.
Accordingly, our opinion published November 19, 1976, is vacated and withdrawn, and the judgment and sentence appealed from are affirmed.
ALDERMAN, J., concurs.
CROSS, J., dissents, without opinion.