PER CURIAM.
The single point presented on this appeal urges that the verdict does not support the judgment rendered in that it shows that the defendant was found guilty of robbery by threats to use a weapon rather than a deadly weapon as described in Section 812.-13(2)(a), Florida Statutes (1975). The information properly charged the defendant, pursuant to Section 812.13(2)(a), under which he was sentenced.[1] The verdict properly found the defendant “As to Robbery as charged in the Information: GUILTY.” The only difficulty arises because at the *1241 charge conference, it was agreed that a notation should be placed at the bottom of the verdict form by which the jury could determine whether or not a weapon was used. No place was provided in the notation for a finding of a deadly weapon. The jury did, however, definitely find that the defendant threatened to use a weapon.[2] No motion for new trial was made upon the basis of the claimed impropriety in the form of the verdict. We conclude that no prejudicial error has been shown and that the judgment and sentence must be affirmed on the basis of the holding of the Supreme Court of Florida in Hambrick v. State, 80 Fla. 672, 86 So. 623, 624 (1920), where the court said:
“The entire record may be looked to in ascertaining the offense for which the accused is sentenced, and an erroneous recital or statement of the offense by the court in pronouncing sentence, or of the clerk in recording in the minutes of the proceedings kept by him the judgment imposed, will not vitiate the judgment when the record fully discloses the offense for which the accused was indicted, tried, and convicted.”
Affirmed.

. The material portion of the information reads as follows:
“ . . . did unlawfully by force, violence, assault or putting in fear, take certain property, to-wit: CASH, GOOD AND LAWFUL MONEY OF THE UNITED STATES OF AMERICA, said property being the subject of larceny and of the value of less than ONE HUNDRED DOLLARS ($100.00) the property of SAM KRAUS, as owner or custodian, from the person or custody of SAM KRAUS, and in the course of committing said Robbery, carried a deadly weapon, to-wit: A KNIFE, in violation of 812.13 Florida Statutes.”

. “Should you find the defendant guilty of robbery it will be necessary for you to find in your verdict whether it has been proved beyond a reasonable doubt that the defendant during the commission of said crime, did:
(Carry) (Display) (Use) (Threaten to use) or (Attempt to use) any (Weapon).
Yes X No_
J. B. Heillnon fsl Foreman”