ON PETITION FOR REHEARING
BERANEK, Judge.
By opinion of this Court published November 1, 1978, the judgment and conviction below were reversed and remanded for entry of a proper judgment because the judgment failed to recite the element of knowledge on the defendant’s part of the stolen character of certain property. De *1172 fendant had been charged with the crime of receiving stolen property with the knowledge that it was stolen, but the eventual judgment did not recite defendant’s knowledge of the stolen character of the property. We have reconsidered the matter and conclude that the above ruling was incorrect. We observe an inconsistency between the prior decisions of this Court in Brinson v. State, 345 So.2d 780 (Fla. 4th DCA 1977) and Russo v. State, 340 So.2d 1273 (Fla. 4th DCA 1976).[1] We conclude that Russo v. State, supra, is the correct statement of the law on this issue and hereby recede from the holding in Brinson v. State, supra.
Accordingly, our opinion published November 1, 1978, is withdrawn to the extent mentioned above and confirmed in all other respects.
DOWNEY, C. J., and CROSS, J., concur.

. Newman v. State, 361 So.2d 731 (Fla. 4th DCA 1978) demonstrates this conflict and holds with the view expressed in Russo v. State, 340 So.2d 1273 (Fla. 4th DCA 1976).