PER CURIAM.
Appellant was charged with and convicted of burglary of a dwelling. The trial court adjudicated appellant guilty of burglary and sentenced him to fifteen years. After eight years in prison he was to be placed on probation for five years.
Appellant contends that the sentence imposed is excessive because he was adjudicated guilty of burglary, a third degree felony which carries a maximum sentence of five years. On the other hand, the state contends the case is controlled by Ham brick v. State, 80 Fla. 672, 86 So. 623 (Fla.1920), and Russo v. State, 340 So.2d 1273 (Fla. 4th DCA 1978). In Russo, this court, quoting from Hambrick, supra, said:
When the record in a criminal case shows fully the crime for which the prisoner was indicted and all the proceedings thereon, through trial and verdict up to conviction and sentence, the failure in the sentence to name the crime for which the prisoner is sentenced may be supplied by reference to the rest of the record. 340 So.2d at 1273.
The rule is clear that the oversight in failing to properly name the crime in the sentence can be supplied by reference to the record. Resort to the record in this case demonstrates that appellant was charged and convicted of burglary of a dwelling, a second degree felony carrying a maximum penalty of fifteen years. Thus, the sentence in question is within the limits provided by statute.
We could simply affirm this case without further comment; however, as a matter of housekeeping and to clarify the record we *408 deem it expedient to remand the case to the trial court to modify the judgment and sentence to show that appellant was adjudicated guilty of burglary of a dwelling and, as so modified, the judgment and sentence are affirmed. It shall not be necessary for appellant to be present for such modification of the judgment.
AFFIRMED AS MODIFIED AND REMANDED with directions.
DOWNEY, C. J., and LETTS and HERSEY, JJ., concur.