388 So.2d 6 (1980)
Jimmie Lee TUCKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2417.
District Court of Appeal of Florida, Third District.
September 11, 1980.
Edward McHale, Miami, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HUBBART, SCHWARTZ and BASKIN, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
The defendant-appellant's primary contention is that he was improperly sentenced to life imprisonment for burglary under Section 810.02(2), Fla. Stat. (1979) upon a jury verdict finding him guilty of "burglary of a structure." Count I of the information filed against Tucker was denominated as charging only "burglary of a structure." It specifically alleged, however, that, within the burglarized building, the defendant was armed or armed himself with a dangerous weapon, a knife. Such a charge is an "aggravating factor" which justifies a life sentence for burglary under Section 810.02(2)(b). Without objection, the jury was repeatedly instructed by the court  and was informed by counsel in final argument  that if it found that Tucker was indeed armed, it should return the verdict form which read: "as to Count One of the Information: Burglary of a Structure, Guilty." If it did not so find, it was to employ the form which found him guilty of "Burglary, a lesser included offense." Under these circumstances, the return of the former verdict form and the rejection of the latter clearly and unmistakably evinced the jury's determination that the defendant was guilty of burglary committed while he was armed with a dangerous weapon, as charged in count one. We thus find no error in the imposition of sentence accordingly. Yarborough v. State, 94 Fla. 143, 114 So. 237 (1927); Hambrick v. State, 80 Fla. 672, 86 So. 623 (1920); Coon v. State, 353 So.2d 1240 (Fla.3d DCA 1978).
Since the appellant's remaining points, which challenge the sufficiency of the evidence against him are patently without *7 merit, see Section 810.02(1), Fla. Stat. (1979), the judgment under review, in its entirety, is
Affirmed.