498 So.2d 1005 (1986)
Pablo PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2015.
District Court of Appeal of Florida, Second District.
December 10, 1986.
James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Pablo Perez, appeals from the judgments and sentences entered against him. His sole contention on appeal is that the judgment and sentence form entered in this case must be corrected to show the exact degree of the crimes to which he pled nolo contendere. We agree.
Appellant was charged by information with burglary in violation of section 810.02, Florida Statutes (1983), and grand theft in violation of section 812.014, Florida Statutes (1983). The information did not specify the degree of either offense. The trial court accepted appellant's plea of nolo contendere to the charges, adjudicated him guilty, and then sentenced him to the time he had served in jail awaiting trial. The court's written judgment and sentence form failed to refer to the degree of either crime. This appeal timely followed.
A court's written judgment and sentence must not vary from its oral pronouncement, Yates v. State, 429 So.2d 815 (Fla. 2d DCA 1983), and must state the *1006 exact crime for which a defendant is sentenced. Caston v. State, 58 So.2d 694 (Fla. 1952). An omission however may, as in this case, be supplied by reference to the record. Caston. Although the specific sections of the burglary and theft statute in question were not referred to in the information, the factual allegations contained therein indicated that appellant was charged with committing a burglary in violation of section 810.02(3), a second degree felony, and with committing grand theft in violation of section 812.014(2)(b)1, a third degree felony. At the plea hearing, appellant pled nolo contendere to those allegations and the trial court orally adjudicated him guilty of those offenses. We must, therefore, remand. Upon remand, the judgments and sentences entered by the trial court should be corrected to show the degree of the crimes for which appellant was sentenced. We affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
GRIMES, A.C.J., and CAMPBELL, J., concur.