498 So.2d 1006 (1986)
Arthur Lee HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-900.
District Court of Appeal of Florida, Second District.
December 17, 1986.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Arthur Lee Henry, challenges the sentences imposed upon him after the trial court found him guilty of violating the terms and conditions of his probation. We reverse and remand for resentencing.
Appellant was originally placed on probation after pleading guilty to burglary in violation of section 810.02(3), Florida Statutes (1983) and grand theft in violation of section 812.014(2)(b)(1), Florida Statutes (1983). The guidelines scoresheet indicated a recommended sentence of any nonstate *1007 prison sanction. The court, however, prior to placing appellant on probation required him, in exchange for not being incarcerated at that time, to waive his right to be sentenced under the guidelines in the event he violated his probation. Appellant was then placed on probation for two consecutive five year terms.
Appellant was subsequently charged with, and found guilty of, violating his probation. An updated guidelines scoresheet, which included a one cell enhancement for probation violation, indicated a presumptive sentence of community control or twelve to thirty months incarceration. The court, after stating that appellant had waived his right to be sentenced under the guidelines by violating his probation and giving other reasons for departure, revoked appellant's probation, adjudicated him guilty and sentenced him to serve two consecutive five year prison terms. The court did not file any written statement setting forth the reasons it had departed from the guidelines presumptive sentence. This appeal timely followed.
We agree with appellant's contention that the trial court erred in sentencing him outside the guidelines without entering a written statement setting forth clear and convincing reasons for departure. State v. Jackson, 478 So.2d 1054 (Fla. 1985). We, accordingly, reverse and remand for resentencing. At that time, if the court deviates from the presumptive sentence, it must set forth in writing clear and convincing reasons for doing so.
In resentencing appellant, the court should be aware that appellant's waiver of his right to be sentenced under the guidelines cannot constitute a clear and convincing reason for departure. Guidelines sentencing cannot be waived. If appellant's waiver was intended to be an agreement to allow the court to depart from the appellant's presumptive sentence, rather than a waiver of guidelines sentencing, it was still invalid. We cannot approve an agreement which could frustrate guidelines sentencing. In this case, unlike the normal plea bargain, appellant, in exchange for receiving probation without incarceration, a sentence already indicated by the guidelines scoresheet, was required to agree to allow the court to depart to an unspecified extent from a future unknown presumptive sentence if he violated the terms of his probation. See Green v. State, 460 So.2d 378 (Fla. 2d DCA 1984); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984).
We also note that the judgment and sentence form entered by the trial court indicates appellant's burglary charge was a second degree felony. A review of the entire record indicates that appellant pled guilty to and was sentenced for a third degree felony. Upon remand, the judgment should be corrected to show appellant was adjudicated guilty of the third degree felony of burglary. Perez v. State, 498 So.2d 1005 (Fla. 2d DCA 1986).
We affirm the judgment and sentence in all other respects.
Reversed and remanded.
GRIMES, A.C.J., and CAMPBELL, J., concur.