COWART, Judge.
The defendant plead guilty to lewd assault (§ 800.04, Fla.Stat.) and waived his right to be sentenced under the guidelines.[1] The lower court sentenced him to 15 years’ incarceration, ordering that after the defendant serves 9 years of that term, he is to be placed in a community control program “for a period of remainder not to exceed 15 years.” This would mean community control for a period of six years or longer if the nine year incarceration is reduced by gain time or for any other reason.
Pursuant to section 948.01, Florida Statutes, the duration of community control cannot exceed two years. There is no exemption for “split sentences” in which community control is used in lieu of probation. Accordingly, the defendant’s sentence is vacated and the cause remanded for resen-tencing. See Davis v. State, 461 So.2d 1003 (Fla. 1st DCA 1984).
SENTENCE VACATED; CAUSE REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.

. Though the defendant does not raise this question, we note that at least one court has held that 1) guidelines sentencing cannot be waived and 2) a waiver of guideline sentencing is not a clear and convincing reason for departure. State v. McCarthy, 502 So.2d 955 (Fla. 2d DCA 1987); Henry v. State, 498 So.2d 1006 (Fla. 2d DCA 1986).