PER CURIAM.
Raul E. Calderon appeals the trial court’s order denying his motion to allow him to live at home with his wife while on sexual offender probation. We affirm because the Legislature of the State of Florida has not preempted the local regulation of post-conviction treatment of individuals convicted of certain sexual offenses, and choice of address is not a fundamental right.
Calderon pled guilty in March 2010 to one count of lewd or lascivious exhibition on a child under sixteen years of age, pursuant to section 800.04(7), Florida Statutes (2010), and one count of burglary of an occupied residence. The court sentenced Calderon to 366 days in state prison followed by ten years of sex offender probation on the lewd or lascivious exhibition count. Condition fifteen of Calderon’s probation prohibited Calderon from living within 1000 feet of a school because his victim was under the age of eighteen. Condition five of Calderon’s probation mandated him to live without violating the law.
In September 2010, Calderon was released from prison and filed a motion to allow him to live at home with his wife. The home is located within 2500 feet of a school but allegedly more than 1000 feet from any school. The trial court denied the motion.
We conclude that the trial court correctly denied Calderon’s request to reside in the home where his wife presently resides. Section 21-281(a) of the Miami-Dade County Sexual Offender and Sexual Predator Ordinance provides:
It is unlawful for any person who has been convicted of a violation of Sections 794.011 (sexual battery), 800.04 (lewd and lascivious acts on/in presence of persons under age 16), 827.071 (sexual performance by a child) or 847.0145 (selling or buying of minors for portrayal in sexual explicit conduct), Florida Statutes, or a similar law or another jurisdiction, in which the victim of the offense was less than sixteen (16) years of age, to reside within 2,500 feet of any school.
See MIAMI-DADE COUNTY, FLA., CODE OF ORDINANCES § 21-281(a) (2010). The home of Calderon’s wife is located within 2500 feet of a school, and Calderon’s victim was less than sixteen years of age. Calderon, a sexual offender on probation, was thus not permitted to live in the home where his wife presently resides.
Calderon argues on appeal that the trial court erred when it ruled that he had to comply with the ordinance even though it is in conflict with section 794.065, Florida Statutes (2010), and that the county ordinance is void as it is in direct conflict with the statute. We disagree.
There is no impermissible conflict between the state law and county ordinance. Section 794.065[1] states that persons convicted of certain sexual offenses who have served their sentences, and are on probation, are forbidden from establishing residence within 1000 feet of any school, day care, park, or playground. Section 21-281(a) increases the exclusionary residence zone to 2500 feet. As we stated in Exile v. Miami-Dade County, 35 So.3d 118, 119 (Fla. 3d DCA 2010), “[t]he legislature has not clearly preempted local regulation of the field of the post-conviction treatment of sexual predators, so as to invoke the severely restricted and strongly disfavored doctrine of ‘implied preemption’ ... The 2,500 foot provision is not in cognizable ‘conflict’ with the less restrictive 1000 foot buffer zone.... ”
*441 Similarly, in this case, Calderon can comply with the ordinance, and thereby find himself in compliance with the statute. Thus, there is no conflict between the state statute and county ordinance.
Calderon further argues that enforcement of the county ordinance imper-missibly enhances the conditions of his probation. This argument is misplaced. Breaches of municipal ordinances are sufficient to support a violation of probation. See Caston v. State, 58 So.2d 694, 697 (Fla.1952). Condition five of Calderon’s probation mandates him to live without violating the law. The law includes the county ordinance that prohibits him, as a sex offender, from living within 2500 feet of a school. Enforcement of the ordinance thus does not enhance the penalty of his probation, as it was already implicitly included in condition five of his probation.
We decline to address all other issues Calderon raised in this appeal, as we conclude that they are meritless. Therefore, we affirm the trial court’s order denying Calderon’s motion to live in the home where his wife presently resides.
Affirmed.

. On May 26, 2010, this section was renumbered. See § 775.215, Fla. Stat. (2010).