453 So.2d 478 (1984)
Richard James BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-701.
District Court of Appeal of Florida, Second District.
July 25, 1984.
*479 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant appeals his sentence for a term of five years upon his plea of guilty to the offense of possession of a short-barreled shotgun in violation of section 790.221, Florida Statutes (1981). His sole point on appeal is that the trial judge erred in sentencing appellant to a more severe sentence than the range indicated as a recommended sentence on the guideline score sheet prepared in accordance with Florida Rule of Criminal Procedure 3.701(d). We affirm.
Appellant was charged by information filed March 25, 1983, with one count of possession of a short-barreled shotgun in violation of section 790.221, and a second count of possession of a firearm by a convicted felon in violation of section 790.23, Florida Statutes (1981). Appellant pled not guilty.
On August 15, 1983, appellant appeared before the trial judge with his court-appointed counsel who announced to the court that appellant desired to change his plea. The following colloquy then took place before the trial judge between assistant state attorney, Volz, and defense counsel, Kahle:
MR. VOLZ: He will be pleading guilty to possession of a short-barreled shotgun under one count, we will nolle prosse the other one with the understanding he will get five years.
MR. KAHLE: Your Honor, we're here on a change of plea in State versus Bell, pursuant to negotiations with the State Attorney's Office the Defendant has agreed to enter a plea of guilty to count one of the information, which is possession of a short-barreled shotgun. The State has agreed to nolle prosse count two.
It's the Defendant's further understanding that neither the State nor the Court on its own motion would invoke the provision of the habitual offender statute. The maximum term of prison the Defendant would be subjecting himself to by his plea is five years.
The Defendant has been advised by entering this plea he's waiving his right to a jury trial, self-incrimination, and the right to confront his accusers.
The court then proceeded to determine that the plea was freely and voluntarily entered, and that appellant understood the consequences of his plea. The court then ordered a pre-sentence investigation and continued sentencing pending receipt of that investigation.
On October 10, 1983, appellant was again brought before the trial judge for sentencing in regard to his plea bargain. Through his same court-appointed counsel, appellant elected to be sentenced pursuant to sentencing guidelines. The trial court acknowledged that "He will be sentenced at his selection. He will be sentenced under the sentencing guidelines. I would point out, however, that the Court of course may *480 depart from those guidelines if there are sufficient reasons for doing so." Defense counsel responded that he and appellant were aware of that, and then argued matters in mitigation.
The state responded, arguing that the pre-sentence investigation showed some twenty-two incidents which normally could not be considered in departing from the guidelines, but further pointing out the circumstances of the plea bargain. Defense counsel argued that the plea bargain was not for an agreed-to sentence of five years, but a maximum cap on sentencing at five years. The trial court acknowledging the plea bargain and the five-year cap, announced that because of it he was departing from the sentencing guidelines and proceeded to sentence appellant to the five-year maximum allowed by the plea bargain.
While Rule 3.701(d)11 allows departure from the presumptive sentence of the guidelines for clear and convincing reasons, it does not delineate what those clear and convincing reasons are. We are convinced, however, that a departure from the guidelines is clearly warranted when there is a plea bargain which specifies the permissible sentence.
Plea bargains are still encouraged by Florida Rule of Criminal Procedure 3.171(a). State ex rel. Miller v. Swanson, 411 So.2d 875 (Fla. 2d DCA 1981). The appellant was bound by his contract. Merely because of the availability of selecting the application of sentencing guidelines having intervened as of October 1, 1983, does not make the plea bargain contract void. It is of note that had appellant not elected application of Rule 3.701, he would have been subject to parole. Having voluntarily elected the application of Rule 3.701, however, removed the possibility of parole.
Affirmed.
SCHEB, A.C.J., and LEHAN, J., concur.