458 So.2d 1219 (1984)
William "Doc" COATES, Appellant,
v.
STATE of Florida, Appellee.
No. AX-317.
District Court of Appeal of Florida, First District.
November 16, 1984.
*1220 Michael E. Allen, Public Defender, Ann Terry Carley, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant/defendant appeals his sentence for burglary of a dwelling. Appellant raises several points on appeal. We find merit in one and reverse and remand this cause for resentencing.
On June 21, 1983, appellant was charged with armed burglary, contrary to section 810.02, Florida Statutes, and grand theft, contrary to section 812.014, Florida Statutes. Appellant initially pled not guilty to these offenses. Appellant then changed his plea, as a result of plea negotiations, and entered a plea of nolo contendere to burglary of a dwelling. As its part of the bargain, the State nolle prossed the grand theft charge.
At the plea hearing, the following colloquy transpired between the trial judge, defense counsel (Ms. Dekker), and appellant:
THE COURT: Okay. I also show plea entered for Mr. Coates on May 24th. All right. So, we will go ahead at this point. Previously entered plea of not guilty.
MS. DEKKER: Yes, Your Honor. At this time we would request that we be allowed to withdraw the previously entered plea entered [sic] of not guilty as to the Amended Information and enter a plea  tender a plea of no contest Count 1 but have that charged [sic] reduced to burglary of a dwelling. This is the result of plea negotiations.
THE COURT: And that would be what degree felony?
MS DEKKER: Felony of the second degree, 15 years, Your Honor.
THE COURT: And what would be the disposition of Count 2?
MS. DEKKER: Count 2 would be nol prossed.
THE COURT: Is there any recommendation from the prosecution and defense?
MS. DEKKER: No, Your Honor, not at this time.
THE COURT: All right. Mr. Coates, I need to ask you a few questions. Do you realize that by entering your plea to this charge, which is a second degree felony, would expose you to 15 years in the state penal system of the State of Florida? You're aware of that?
THE DEFENDANT: Yes, sir.
After this colloquy, the trial court proceeded to determine that appellant's plea was freely and voluntarily entered and that there was a factual basis for appellant's plea. Sentencing was set for July 5, 1983.
Appellant did not show up at the sentencing hearing set in July, nor did he show up for a subsequently scheduled hearing. Sentencing was finally held on February 9, 1984, at which time appellant elected to be sentenced under the sentencing guidelines. Appellant's scoresheet shows a score of 54 *1221 points resulting in a recommended sentence of community control or 12 to 30 months incarceration.
The trial court decided to depart from the recommended sentence of the guidelines. Appellant was sentenced to five years imprisonment to be followed by a term of probation ending in 1991. The trial court's stated reason for departure was that, under the plea agreement, the prosecution and defense agreed to court discretion within a 15 year cap on prison time. This reason apparently was derived from the colloquy set forth above.
Appellant's counsel objected to the trial court's departure from the guidelines stating that there was no agreement on sentencing and that the 15 year cap related only to the fact that appellant pled to a crime which, at most, exposed appellant to 15 years imprisonment. Moreover, appellant's counsel informed the trial court that the prosecutor and she argued whether appellant had been properly charged with burglary in the first degree, rather than burglary in the second degree, and that, as a result, the charge was reduced to burglary of the second degree. The prosecutor agreed with appellant's counsel's statements.
Appellant first contends that his sentence is improper since the record is silent as to whether he knowingly and intelligently waived his right to parole, thereby creating an ex post facto laws problem. Appellant's position on this point has been decided adversely to him in recent decisions of this court. See Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984); Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984).
Next, appellant contends that the trial judge erred in failing to sign his name to the document which delineates his reason for departure from the guidelines, even though the reason so written is the same as that articulated at the sentencing hearing. Appellant's argument is that it is impossible to determine whether the writer of this reason was the trial judge or someone else. We find this argument to be without merit, since the reason articulated at the hearing and the reason in writing, which reason is part of the record, are the same. The written statement therefore is of sufficient specificity to inform all parties, as well as the public, of the trial judge's reason for departure in the instant case. Committee Note (d)(11) to RCrP 3.701. Moreover, we note that there is no requirement in Rule 3.701 that a trial judge sign his or her name to the written reason(s) for departure, especially where, as here, the reason is the same as that articulated at the sentencing hearing.
Third, and the point we find to have merit, appellant contends that the trial judge's reason for departure from the guidelines is not clear and convincing. As noted, we agree. Here, the colloquy enumerated above does not indicate that the plea bargain specified appellant's permissible sentence. Cf. Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984) (that court holding that a departure from the guidelines is clearly warranted when there is a plea bargain which specifies the permissible sentence); Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984). Rather, the colloquy indicates only that appellant was aware that by entering into this plea he was exposing himself to 15 years imprisonment. We do not construe this awareness on appellant's part as an agreement as to his permissible sentence.
Accordingly, appellant's sentence is REVERSED and this cause is REMANDED to the trial judge for resentencing in accord with the sentencing guidelines and our opinion.[1]
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] We note that upon resentencing, if the trial judge wishes to impose a split sentence, the total sanction imposed cannot exceed the maximum guideline range. See Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984); Committee Note (d)(12) to RCrP 3.701.