COBB, Chief Judge.
In 1979, the appellant, Paul Edward Czarnecki, was convicted of two counts of burglary of a dwelling, and was sentenced to three years’ imprisonment and five years’ probation. While on probation, the appellant pled guilty to burglary and grand theft, pursuant to a plea agreement. Under the terms of the plea agreement, the appellant agreed to be sentenced under the sentencing guidelines, such election being required because he committed the original burglaries prior to October 1, 1983, the effective date of the guidelines. See In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983).
The appellant’s recommended sentence under the guidelines was any nonstate prison sanction. The judge determined to depart from the guidelines based on the appellant’s violations of probation, and sentenced him to two consecutive terms of ten years in a state prison. The appellant claims that the sentence was erroneous, due to the fact that there is no record evidence that he affirmatively selected the guidelines. He argues that a departure sentence under the guidelines is prejudicial to him, as he will be sentenced to ten years without parole, whereas under the “old system,” before the guidelines, his sentence would be ten years with the possibility of parole. The appellant is assuming that he is not entitled to parole if this court affirms his sentence. If the appellant were entitled to parole under his current sentence, his appeal would be moot. Therefore, the question of the appellant’s entitlement to parole must be considered in order to determine if this court has jurisdiction over this cause.
Section 921.001(8), Florida Statutes (1983), governs the question of the application of the sentencing guidelines, and the guidelines’ effect on parole eligibility. This statute states as follows:
(8) A person convicted of crimes committed on or after October 1, 1983, or any other person sentenced pursuant to sentencing guidelines adopted under this section, shall be released from incarceration only:
(a) upon expiration of a sentence;
(b) upon expiration of a sentence as reduced by accumulated gain time; or
(c) as directed by an executive order granting clemency.
The provisions of Chapter 947 [chapter governing the Parole Commission] shall not be applied to such person.
Under section 921.001(8), it is clear that a defendant who commits a crime after October 1, 1983, may not be released from his sentence to the jurisdiction of the parole commission. This rule of law has been uniformly applied by the state courts. The question that has not been explicitly addressed by the courts is whether one who commits an offense prior to October 1, 1983, and who affirmatively selects the guidelines, and whose sentence departs from the guidelines, is sentenced “pursuant to the guidelines,” and therefore ineligible for parole under the last sentence of 921.-001(8). We hold that such a person is sentenced pursuant to the guidelines, although the judge departed from, and exceeded, the sentencing scoresheet.
In Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985); Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984); Coates v. State, 458 So.2d 1219 (Fla. 1st DCA 1984); and Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984), the First District has apparently adopted the view that a defendant who commits an offense prior to October of 1983 and who elects the guidelines, and whose sentence departs from the guidelines, is not eligible for parole. These cases involve defendants who claim that *305 their sentences should be reversed because they were not advised of their ineligibility for parole, after selection of the guidelines. In all these cases, the trial court judges departed from the guidelines; this did not appear to influence the First District in holding that the defendants did not need to be advised that they were not eligible for parole. Implicitly, the First District held that these defendants were not eligible for parole. We agree with the First District.
Since the appellant is not currently eligible for parole, this case is not moot. Therefore, this court must consider the issue of whether the defendant has affirmatively selected the guidelines. The following sentence was part of the plea agreement signed by the appellant: "... I understand my sentence will be imposed under the sentencing guidelines....” This agreement is sufficient to evidence clear and unequivocal affirmative selection of the guidelines. As stated in Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984):
... We do not believe that on all occasions the defendant must announce “I do” when he or she selects the guidelines for sentencing. It is unnecessary for a defendant to file a written statement of selection, nor are “magic words” on the record always necessary....
The appellant’s sentence is
AFFIRMED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.