473 So.2d 31 (1985)
Johnnie GETER, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-318.
District Court of Appeal of Florida, First District.
July 26, 1985.
Michael E. Allen, Public Defender; Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
This is an appeal from eleven three-year concurrent sentences imposed upon nolo contendere pleas to eleven counts charging burglaries and grand thefts. Appellant's single contention here is that the trial court erred in deviating from the sentencing guidelines recommended maximum of thirty months incarceration. We affirm because we find the sentences were within the terms of a negotiated plea, and the record shows they were imposed "as a result of a plea conference-agreed upon cap of three years."
Appellant argues applicability of the decision in Coates v. State, 458 So.2d 1219 (Fla. 1st DCA 1984), relating to a trial court's advice, in the course of accepting a nolo plea to one count in exchange for the prosecutor's agreement to nol pros of another count, that the plea to the second degree felony "would expose you to 15 years in the state penal system." In Coates this court held, "[w]e do not construe this awareness on appellant's part as an agreement as to his permissible sentence." 458 So.2d 1221. That decision is clearly limited to a determination that the stated maximum sentence was simply a statutory cap which was not in that case a *32 negotiated item. In contrast, the plea agreement in the present case as to the three year cap was, as restated by the court, "an agreement ... up to that amount." The bargained term need not, as appellant argues, be an agreement for a single specified term in order to serve as a bargained provision which, if otherwise valid, is a proper predicate for disregarding a general guidelines restriction. Accord Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). Our conclusion on this point moots the remaining arguments as to alternative grounds stated by the court for the sentences imposed.
Affirmed.
ERVIN and BARFIELD, JJ., concur.