475 So.2d 1025 (1985)
Peter Clark WINTERS, Appellant,
v.
STATE of Florida, Appellee.
No. BA-145.
District Court of Appeal of Florida, First District.
September 27, 1985.
*1026 Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, and Peter Clark Winters, pro se, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This cause is brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see also Reed v. State, 378 So.2d 899 (Fla. 1st DCA 1980). Appellant also filed a pro se brief.
We have thoroughly reviewed the record and find no reversible error in regard to appellant's conviction for attempted unarmed robbery. Since one of the requisite elements of the offense of robbery is specific intent to deprive permanently the owner of his property, Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981), attempted (unarmed) robbery is a crime in Florida. Thus, the single point raised by appellant is without merit.
Nevertheless, we do perceive a problem with appellant's sentence. In sentencing appellant to nine years' incarceration, the trial judge found appellant to be a habitual felony offender under section 775.084, Florida Statutes (1983). However, in his order, apart from making the proper necessary threshold inquiry as to whether appellant qualified as a habitual felony offender, as set forth in section 775.084(1)(a), the judge merely stated: "The Court finds that the imposition of sentence under Florida Statute Section 775.084 is necessary for the protection of the public from further criminal activity by the defendant." In doing so, the trial judge erred. This Court has held that "we must be apprised of the underlying facts and circumstances which the trial judge relied on in making that finding." Adams v. State, 376 So.2d 47, 58 (Fla. 1st DCA 1979); see also Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985); and Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984). "That finding" referred to in Adams is the second-stage determination under section 775.084(3), that an extended sentence is necessary for the protection of the public from further criminal activity. Not even the judge's remarks at the hearing were sufficient to apprise this Court of what material influenced him in reaching the ultimate finding.
Accordingly, we hold the finding by the trial judge in this instance to be wholly insufficient on its face to show that the public requires appellant's extended imprisonment for its protection against his further criminal activity. The sentence is therefore VACATED and the cause REMANDED for resentencing, conventionally or in accordance with section 775.084.
SHIVERS and WENTWORTH, JJ., concur.