483 So.2d 849 (1986)
James Earl BATTLES, Appellant,
v.
STATE of Florida, Appellee.
No. BH-137.
District Court of Appeal of Florida, First District.
February 27, 1986.
*850 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Kurt L. Barch, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Battles appeals from his 18 year sentence complaining that there were not clear and convincing reasons for exceeding the guidelines range of 9-12 years. We vacate the sentence and remand for resentencing.
In an order entered by the trial court, the following were given as reasons for exceeding the guidelines:
(1) This Defendant has a significant prior history of criminal conduct. He was recently released from prison on parole and has demonstrated that he is a habitual offender, and can be expected to commit crimes shortly after his release from prison.
(2) The Defendant entered a negotiated plea as charged knowing that the guidelines would be exceeded up to a maximum of 20 years.
(3) The evidence in the case proved that the Defendant was involved in a conspiracy to rob several different establishments on the night of this crime. They did not carry out these robberies because either the establishments were closed or too busy.
With respect to the first reason pertaining to the defendant's prior criminal history, such was scored in calculating the guidelines sentence. It is now clear under Hendrix v. State, 475 So.2d 1218 (Fla. 1985), decided after sentence was imposed in the instant case, that the defendant's prior record cannot be used for departure where, as here, such record was used in arriving at the guidelines sentence.
Similarly, the fact that the defendant was on parole when the crime was committed cannot be relied upon for departure where such parole status has already been scored. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
Also, in the first paragraph of the above order, the trial judge characterized the defendant as a habitual offender. However, there was no effort at all to proceed against the defendant as a habitual offender under Section 775.084. Compare Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984); Winters v. State, 475 So.2d 1025 (Fla. 1st DCA 1985). Therefore, this reason cannot support departure.
The above-quoted second paragraph of the judge's order stated, as an additional reason, that the defendant entered a negotiated plea knowing that the court would depart from the guidelines up to a maximum of 20 years. We recognize that a defendant can indeed negotiate a sentence such that he may not be heard to complain of a departure from the sentencing guidelines where the sentence imposed is consistent with the negotiations. Geter v. State, 473 So.2d 31 (Fla. 1st DCA 1985); Bell v. State, 453 So.2d 478 (Fla. 2nd DCA 1984); compare Coates v. State, 458 So.2d 1219 (1st DCA Fla 1984). However, as the defendant asserts in his brief, the record of this case does not support a finding of any such negotiated plea.
The defendant entered a plea of nolo contendere[1] to robbery while carrying a firearm, the offense charged in the information. During the proceedings at which the plea was entered and accepted by the court, no reference was made to any plea agreement or negotiated plea. At the conclusion of the proceedings, the court accepted the plea as "freely and voluntarily offered without promises, threats or coercion" and the court scheduled sentencing for a subsequent date.
At the sentencing hearing, the court proceeded to sentence the defendant with no mention being made of any negotiations although the court did make the following comment after imposition of the 18-year sentence:

*851 [The Court:] This comes as no surprise, I'm sure, to you, Mr. Battles, as it was indicated to you that this is likely the sentence you would receive prior to your entry of this plea. If you'll step over, now. You have a right to appeal the sentence. If you wish to do so, file a motion (sic) for appeal with the clerk of the court within thirty days. If you cannot afford to pay the costs, the costs may be waived. If you cannot afford to pay the cost of a lawyer, I'll appoint a lawyer for you.
MR. FLETCHER: Your honor, I will file a notice of appeal.
Referring to the above excerpt from the sentencing proceeding, the state says in its brief that "the record reflects that the deviation from the sentencing guidelines was known to appellant from the discussion at the sentencing hearing." The state obviously reads a great deal more into the above comments than is justified.
The state also relies upon a memorandum from the prosecuting attorney, presumably directed to the Department of Corrections after the entry of the defendant's nolo plea, advising the Department that a presentence investigation (PSI) had been ordered. The memorandum included the comment by the prosecutor, "The defendant entered a plea knowing that the court intended to exceed the guidelines up to 20 years." However, there is no indication that the defendant or his attorney was aware of the existence or content of that memorandum. Moreover, we have examined the PSI report to determine whether any reference was made to any plea or sentence negotiations.[2] There is no such reference.
The last reason given by the court for departure was, as noted above, that the defendant was involved in "a conspiracy to rob several [places] on the night of this crime" and that such robberies were not carried out because "either the establishments were closed or too busy." We have closely examined the record which shows only that the defendant and his two accomplices would have robbed a nearby liquor store instead of the subject convenience store except that the former was closed. The state's brief says that the PSI "contains information which indicates that the appellant and his cohorts were planning the robbery of other stores." The only portion of the PSI to which the state could possibly be referring is the following description of a statement given by one of the defendant's accomplices:
"Willie James Lawrence also gave a recorded statement that they had talked about a liquor store, but the liquor store was closed; so they told him to go in the Jr. Food Store... ."
The third reason for departure is therefore not supported by the record.
Accordingly, the sentence is vacated and the cause is remanded for resentencing.
SENTENCE VACATED AND CAUSE REMANDED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] There was no reservation of right to appeal any pre-trial rulings.
[2] We must assume, absent contrary indications, that the contents of the PSI were furnished to the defendant and his attorney a reasonable time prior to sentencing. See Fla.R.Crim.P. 3.713.