489 So.2d 1185 (1986)
Eddie Lee ROSEMOND, Appellant,
v.
STATE of Florida, Appellee.
No. AL-76.
District Court of Appeal of Florida, First District.
May 30, 1986.
Rehearing Denied June 27, 1986.
Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
This is an appeal from a conviction for sale and delivery of a controlled substance. Rosemond's first contention is the trial court erred in refusing to require the State to disclose the identity of its confidential informant. Secondly, he asserts the trial court erred in sentencing him as a habitual offender and in departing from the recommended guidelines sentence. We affirm in part and reverse in part.
Rosemond was charged by information with the sale and delivery of a controlled substance, heroin. After a trial by jury, he was found guilty and sentenced to a term of 30 years. The sentence was enhanced pursuant to a finding by the trial court that Rosemond was a habitual offender.
Prior to trial in this case, Rosemond filed a motion to compel the identity of a witness. During the hearing on this motion, it was brought out that the officer involved in the case had been introduced to Rosemond through an informant. The officer *1186 stated that this particular informant had helped her in several cases and the disclosure of his identity would jeopardize his safety and other ongoing investigations. The court denied the motion.
Rosemond predicates his claim for relief upon the argument that the trial judge erred in not compelling the disclosure of the identity of the confidential informant involved in the case. However, this argument was not presented to the trial judge. In fact, it was specifically disavowed by counsel for the defense who stated:
That was never my position, Your Honor, that this person was a confidential informer, so if the Court has indicated that the Court believes he was a confidential informer, then that was not the reason. I wasn't asking that the confidential  that this person be disclosed based on the fact that he was a confidential informer we needed; that that person was not a confidential informer, in fact, just a witness to the transaction 
Further evidence of this fact is revealed in Rosemond's motion to compel identity of witness, wherein he asserted he was entitled to relief pursuant to Fla.R.Crim.P. 3.220(a)(1)(i), rather than Fla.R.Crim.P. 3.220(c)(2). Therefore, as Rosemond's argument was not the specific contention asserted as legal ground for the motion below, it is not cognizable by this Court on appeal. Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982).
As regards the second issue on appeal, Rosemond argues that the trial court's generalized reference to his prior bad record was insufficient to justify the imposition of an enhanced sentence. We agree. Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984), p.f.r.d., 456 So.2d 1182 (Fla. 1984), cited with approval in Walker v. State, 462 So.2d 452 (Fla. 1985). This Court has held that a trial court must state the underlying facts and circumstances relied upon in making a determination that a defendant is a habitual offender. Further, a conclusory statement, as was made in this case, that such a finding was necessary for the protection of the public from further criminal activity by the defendant is insufficient. Winters v. State, 475 So.2d 1025 (Fla. 1st DCA 1985). Accordingly, we reverse Rosemond's sentence and remand for reconsideration of the imposition of an extended term in compliance with the provisions of Section 775.084, Florida Statutes (1981).
Rosemond's final issue on appeal is without merit. He was sentenced prior to the imposition of the guidelines and, therefore, cannot object to his sentence on the basis it exceeds that recommended in the guidelines. See, Section 921.001(4)(a), Florida Statutes (1983).
Affirmed in part and reversed in part and remanded.
WENTWORTH and NIMMONS, JJ., concur.