BARFIELD, Judge.
Again we are called upon to review a criminal sentence imposed in excess of the guidelines recommended sentence.
Appellant pled guilty to armed robbery of a convenience store. The trial court departed from the presumptive guidelines sentence of 4½ to 5¾⅞ years to impose a 15 year prison term. Six written reasons for departure were given.
The first reason for departure is identical to the first reason reviewed by this court in Battles v. State, 483 So.2d 849 (Fla. 1st DCA 1986), and is invalid for the reasons expressed in that decision.
The second reason relied on a negotiated plea and sentence agreement. However, there is no clear and convincing evidence in this record that such an agreement was made by the defendant or what its terms were. It is therefore an invalid reason for departure. Geter v. State, 473 So.2d 31 (Fla. 1st DCA 1985).
The third, fourth and fifth reasons for departure find no support in the record. The stipulation of counsel that sufficient facts existed to convict rendered this record void of any factual bases to find *1385 these departure reasons to be clear and convincing. Thus, to the extent the sentencing judge intends to depart, he should be sure a factual record exists to support his reasons.
The fourth reason, that defendant was part of a conspiracy to commit a series of armed robberies, is also invalid as a reliance on crimes for which no conviction was obtained. Fla.R.Crim.P. 3.701(d)(ll).
The fifth reason, that appellant carried a sawed-off shotgun, is an improper reference to an inherent component of the crime of armed robbery. State v. Mischler, 488 So.2d 523 (Fla.1986).
The sixth reason, that the guidelines are wholly insufficient in this case, appears to be a summation by the trial court of the preceding five reasons.
Since we find that five of the six reasons are not clear and convincing, the sentence is REVERSED and the case REMANDED for resentencing. Mischler v. State, supra; Albritton v. State, 476 So.2d 158 (Fla.1985).
SMITH AND WENTWORTH, JJ., concur.