524 So.2d 476 (1988)
Americo NODAL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2600.
District Court of Appeal of Florida, Second District.
April 29, 1988.
Rehearing Denied May 25, 1988.
*477 R.E. Fernandez of Fernandez & Muller, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant raises seven points on appeal. The first six points concern discovery and evidentiary issues. After reviewing the record and hearing oral argument on this case, we have found no reversible error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). In light of the ample evidence establishing appellant's guilt, we do not find "a reasonable possibility that the jury was unduly or improperly influenced" by any evidentiary error which may have occurred. Jackson v. State, 522 So.2d 802 (Fla. 1988). Accordingly, we affirm appellant's conviction and adjudication of guilt.
Appellant's seventh point on appeal relates to the appellant's sentence. Appellant contends that the trial court failed to provide valid written reasons for departure from the sentencing guidelines presumptive sentence. The trial court provided four written reasons for departure from the sentencing guidelines recommended sentence. They were:
[T]he Court finds the following reasons to be clear and convincing to go outside the sentencing guidelines:
1. The defendant was convicted of distributing a large amount of cocaine, 221 grams which is substantially over the 28 grams statutory trafficking limit.
2. The testimony as well as evidence introduced at the trial clearly indicate that the defendant is a major cocaine trafficker who ran a large scale drug business from his fortress-like residence. The defendant's drug dealer status is also evidenced by the pending trafficking in cocaine charges in Hillsborough County where the defendant is charged with selling six ounces of cocaine.
3. The defendant intentionally involved his 12-year-old daughter in his cocaine trafficking business. The defendant does not speak English so he had his daughter act as interpreter between himself and other drug dealers. He had his daughter negotiate prices as well as arrange for time and place of meetings. She was also present when cocaine and money were exchanged.
4. The defendant has a complete lack of regard for the law and the judicial system.
This Court would have departed from the guidelines for any one of the above stated reasons.
We will address each reason for departure.
The trial court's first reason for departure, "defendant was convicted of distributing a large amount of cocaine ...," is invalid. "[S]ince the legislature has used *478 the quantity of drugs involved in the offense as a basis for establishing varying penalties, it is clearly not consistent with the purpose of the guidelines to also use the quantity of drugs as a reason for departure." Atwaters v. State, 519 So.2d 611 (Fla. 1988).
The trial court's second reason for departure, "[d]efendant is a major cocaine trafficker ... evidenced by the pending trafficking in cocaine charges in Hillsborough County ...," is invalid. The fact that appellant is "a major cocaine trafficker" is "an inherent component" of appellant's conviction for conspiracy to traffic in cocaine. Thus, it cannot be a basis for departure. Alexander v. State, 513 So.2d 1117 (Fla. 2d DCA 1987). Also, the trial court improperly relied on the fact that appellant had charges pending against him in Hillsborough County. A trial court may not depart from the sentencing guidelines based upon crimes for which no conviction has been obtained. Smith v. State, 490 So.2d 1384 (Fla. 1st DCA 1986); Fla.R. Crim.P. 3.701(d)(11).
The trial court's third reason for departure, "defendant intentionally involved his 12-year-old daughter in his cocaine trafficking business," was a valid reason for departure. Price v. State, 519 So.2d 76 (Fla. 2d DCA 1988) (trial court properly departed where "a minor was involved with the appellant in one of the transactions for which appellant was convicted" and "the minor would not have been involved in the crime but for the actions of the appellant.")
The trial court's fourth reason for departure, "defendant has a complete lack of regard for the law and the judicial system," is invalid. Weathers v. State, 508 So.2d 1332 (Fla. 2d DCA 1987).
After reviewing the entire record in this case, we are satisfied that the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons. Griffis v. State, 509 So.2d 1104, 1105 (Fla. 1987); Albritton v. State, 476 So.2d 158 (Fla. 1985). The record indicates that the trial court departed primarily because appellant involved his twelve year-old daughter in his drug transactions. The trial court stated that it was "particularly cognizant about the involvement of [appellant's] twelve year-old daughter to assist [appellant] in [his] efforts in dealing in cocaine in [his] community."
Affirmed.
SCHEB, A.C.J., and PARKER, J., concur.