499 So.2d 895 (1986)
Paul MYERS, Appellant,
v.
STATE of Florida, Appellee.
No. BL-296.
District Court of Appeal of Florida, First District.
December 18, 1986.
Rehearing Denied January 23, 1987.
*896 Michael Allen, Public Defender; Ann Cocheu, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen.; Maria Ines Suber, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Myers appeals his conviction and sentence for attempted burglary of a dwelling, raising three issues for our consideration: (1) whether the trial court erred in permitting one of the jurors to take notes during the trial for use in the jury room; (2) whether the trial court erred in failing to require corroboration of statements contained in Myers' presentencing investigation report; and (3) whether the trial court made the requisite factual findings pursuant to Section 775.084, Florida Statutes (1983), to support a habitual felony offender determination. We find no error and affirm.
Myers was charged with attempted burglary of a dwelling with the intent to commit an offense therein and proceeded to a jury trial on 17 December 1985. After opening statements, Myers objected to one of the jurors taking notes. The objection was overruled. Following the State's case, Myers again objected to the note-taking and moved for a mistrial on this ground. The trial court denied the motion and Myers rested his case. He was convicted of the crime charged.
Thereafter, the State filed a notice to seek sentencing of Myers as a habitual offender. Accordingly, the trial court ordered a presentencing investigation report (PSI) be performed. At the sentencing hearing, the State submitted an affidavit from the Florida Department of Corrections which stated Myers had been released from custody on 25 June 1985. Myers objected to the affidavit and to the judgments *897 alleged to be his on the grounds that they were hearsay. He requested direct evidence and fingerprint identification. The trial court overruled Myers' objection and noted he had the burden to contradict or dispute the PSI report by bringing forth evidence.
The trial court declared Myers to be a habitual offender, providing a written order to that effect, and sentenced him to ten years of incarceration. Myers' sentencing guideline scoresheet showed a recommended term of imprisonment of 27-40 years. This timely appeal then ensued.
Myers contends the trial court's failure to stop the note-taking of one juror, its failure to provide some instruction as to the proper role of note-taking, and its failure to stop the juror from taking his notes into the jury room during deliberations was an abuse of discretion. However, the Florida Supreme Court in Kelley v. State, 486 So.2d 578 (Fla. 1986), held that it is within the discretion of the trial court to allow a jury to take notes and to use those notes in the deliberation process. Implicitly, this ruling allows notes made by a juror to be taken into the jury room, as was done here.
The problem in the present case is that the trial court provided no instructions whatsoever to the jury on the proper use of notes during their deliberations. Nonetheless, we find no error. While it is the better practice for a trial court to explain to the jury the proper use of notes during deliberations, when a defendant does not request such an instruction, any failure to so instruct can only be reversible error if it amounts to plain error. United States v. Rhodes, 631 F.2d 43 (5th Cir.1980). As in Kelley v. State and United States v. Rhodes, Myers did not request specific instructions be given on the proper role of note-taking.
On appeal, Myers makes the additional argument that allowing a juror to take personal notes into the jury room is violative of Fla.R.Crim.P. 3.400, which lists those items which may be taken by a jury into the jury room. Interestingly, Kelley v. State made no mention of Rule 3.400. However, at no time during the trial below did Myers raise this specific contention. Therefore, we find this argument is not cognizable on appeal. Steinhorst v. State, 412 So.2d 332 (Fla. 1982) (in order for an argument to be cognizable on appeal, it must have been the specific contention asserted as the legal ground for the objection, exception or motion below). We would also point out that a violation of Rule 3.400 does not automatically require a reversal. Rather, the noncompliance must result in error so prejudicial as to vitiate the entire trial. Strickland v. State, 447 So.2d 322 (Fla. 1st DCA 1984), pet. for rev. den., 455 So.2d 1033 (Fla. 1984) (allowance of nonadmitted evidence or exhibits into jury room during deliberations may constitute error; however, harmless error rule may preclude reversal despite such error).
At trial, it was Myers' position that his PSI report constituted hearsay inasmuch as the documents it contained did not establish he was the Paul Myers in question. At no time, however, did Myers dispute the truth of the information contained in the affidavit by the custodian of records or the court certified copies of judgment. In fact, when the prosecutor below stated to the trial court that Myers was required to dispute the truth of the PSI report, counsel for Myers replied that he disagreed with the prosecution's statement of the law. Hence, the trial court was not required to order the State to produce corroborating evidence. Eutsey v. State, 383 So.2d 219 (Fla. 1980); Wright v. State, 476 So.2d 325 (Fla. 2d DCA 1985) (where, as here, the defendant does not dispute the truth of the listed convictions, the State is not required to come forward with corroborating evidence).
Myers' final contention is that the trial court's order finding him to be a habitual felony offender is insufficient on its face because there was no finding made that he did not receive a pardon or post-conviction relief as required by Section 775.084, Florida Statutes. Additionally, Myers asserts that the trial court failed to *898 make specific findings of fact as to why it was necessary for the protection of the public to sentence him to an extended term.
First, as settled by Stewart v. State, 385 So.2d 1159 (Fla. 2d DCA 1980), the trial court committed harmless error, if any error at all, in failing to recite the specific finding that Myers had not been pardoned or received post-conviction relief from his last felony conviction since this finding was fully supported on the face of the record. Second, the trial court did not make a bare conclusory finding that Myers should be sentenced to an enhanced penalty for the protection of the public. Rather, the court recited Myers' extensive criminal record and the fact that he committed the instant offense less than one month after his release from prison. There are some cases, like the present one, where a defendant's prior record alone may justify a finding that an enhanced sentence is necessary to protect the public. Wright v. State, supra; Grimmett v. State, 357 So.2d 461 (Fla. 2d DCA 1978).
Before concluding, we would like to address the recent Supreme Court case of Whitehead v. State, 498 So.2d 863 (Fla. 1986). In our opinion, Whitehead does not repeal Section 775.084. Rather, we interpret the case as holding that a finding of habitual felony offender status pursuant to Section 775.084 is no longer viable as a reason to depart from the sentencing guidelines in light of the Court's holding in Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The Supreme Court in Hendrix found error in the trial court's reliance on the defendant's prior convictions as a basis for departure from the sentencing guidelines, where the prior record had been used in determining the defendant's presumptive sentence range under the guidelines. The Court reasoned this to be "double-dipping" and contrary to "the spirit and intent of the guidelines."
Here, Myers' sentencing scoresheet recommended a 27-40 year term of imprisonment based on his multiple prior felony convictions. Notwithstanding this, Myers was convicted of a third degree felony and according to Section 775.082, Florida Statutes (1983), it is unlawful for him to receive a sentence for this crime in excess of five years. This is the statutory maximum allowed by the legislature unless a finding is made pursuant to Section 775.084 of habitual offender status, in which case a sentence of ten years is the maximum allowed. Myers was sentenced to ten years. As the trial court herein utilized the habitual offender statute to increase the length of sentence allowed by law and not to exceed the term of imprisonment recommended by the sentencing guidelines, we find no conflict with Whitehead.
Affirmed.
SHIVERS and JOANOS, JJ., concur.