500 So.2d 303 (1986)
Peter Clark WINTERS, Appellant,
v.
STATE of Florida, Appellee.
No. BK-434.
District Court of Appeal of Florida, First District.
December 24, 1986.
Rehearing Denied February 2, 1987.
*304 Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Winters appeals his sentence based on the habitual offender statute for attempted unarmed robbery. We affirm.
Appellant was convicted of attempted unarmed robbery, a third degree felony, and acquitted of charges of kidnapping and sexual battery. As a result of appellant's first appeal this court reversed his sentence which was based on the habitual offender statute and remanded for resentencing because the lower court failed to make specific findings of fact to support its sentence. See Winters v. State, 475 So.2d 1025 (Fla. 1st DCA 1985). The trial court again sentenced appellant as an habitual offender. The maximum statutory penalty for attempted unarmed robbery is five years incarceration pursuant to sections 777.04, and 812.13(1) Florida Statutes (1985). The trial judge determined that appellant met the criteria of an habitual offender pursuant to section 775.084 Florida Statutes (1985) and therefore enhanced appellant's sentence by four years, for a total of nine years incarceration. The maximum sentence authorized by the habitual offender statute for a third degree felony is ten years, therefore appellant was sentenced to a term less than that which was permitted by statute. See section 775.084 (4)(a)(3) Florida Statutes (1985). The recommended guidelines sentence called for 7-9 years in prison, therefore appellant's sentence also falls within the guidelines range.
Appellant argues that the trial court did not support his habitual offender determination with specific findings, and therefore appellant's sentence cannot be enhanced. We disagree. The record reveals that at sentencing, the trial judge outlined the previous felonies for which appellant was convicted, i.e., robbery, breaking and entering, burglary, and found this current offense to be his fifth felony conviction. The trial judge concluded that all but one of appellant's crimes posed a great possibility of threat to the safety of persons or property. He further concluded that appellant's criminal history indicated that appellant is a person who is more than willing to put himself and other people in a great deal of danger, and from which society deserves protection. The trial court went on to find that appellant had the propensity "within short periods of time after being released from incarceration to come back on the commission of other violent and dangerous types of criminal activity within a very short period ... he committed this offense a little more than a month after being paroled on his last offense". Contrary to appellant's argument, we find that the trial judge did state the underlying facts and circumstances relied upon in making a determination that appellant is an habitual *305 offender, as required by this court in Rosemond v. State, 489 So.2d 1185 (Fla. 1st DCA 1986).
Although there are no magic words that constitute the "specific findings of fact", Walker v. State, 462 So.2d 452 (Fla. 1985), or "the underlying facts and circumstances", Rosemond, required to support an habitual offender determination, in the instant case the lower court clearly expressed more than a mere conclusive statement that appellant was a danger to the community. Id.
Appellant also contends that he was erroneously designated an habitual offender in light of the Florida Supreme Court's recent decision in Whitehead v. State, 498 So.2d 863 (Fla. 1986). In Whitehead the supreme court held that a trial judge may not depart from the recommended guidelines sentence based on the habitual offender status. In the instant case the trial judge did not depart from the guidelines. By applying section 775.084, Florida Statutes (1985), the habitual offender statute, the trial judge was authorized to extend appellant's sentence beyond the statutory maximum of five years, up to ten years incarceration. We were recently faced with similar circumstances in Myers v. State, 499 So.2d 895 (Fla 1st DCA 1986), where this court concluded that Whitehead did not repeal section 775.084 Florida Statutes (1985).
We now hold as we did in Myers that, "as the trial court herein utilized the habitual offender statute to increase the length of sentence allowed by law and not to exceed the term of imprisonment recommended by the sentencing guidelines, we find no conflict with Whitehead." In the instant case, without the habitual offender statute, the trial judge would have been forced to ignore the sentencing guidelines recommendation which appropriately took into account appellant's prior criminal history, because where a guidelines sentence exceeds the maximum sentence provided by statute for that offense, the statutory maximum would be imposed. Rule 3.701(d)(10) Florida Rules of Criminal Procedure. We find that the trial judge correctly applied the habitual offender statute.
However, in light of some of the language in Whitehead which suggests the possibility that the majority may have repealed the habitual offender statute by implication, we certify the following question as being one of great public importance:
IS THE HABITUAL OFFENDER STATUTE STILL AN EFFECTIVE BASIS ON WHICH TO EXCEED THE STATUTORY MAXIMUM AS LONG AS THE SENTENCE IMPOSED DOES NOT EXCEED THE GUIDELINES RECOMMENDATION?
AFFIRMED.
MILLS and SHIVERS, JJ., concur.