PER CURIAM.
Appellant challenges his sentences in which the trial court departed upward from the sentencing guidelines range. We find that the record in this case “amply illustrates sufficient facts rendering the crime a highly extraordinary and extreme incident” of manslaughter. Vanover v. State, 498 So.2d 899 (Fla.1986). See also Lerma v. State, 497 So.2d 736 (Fla.1986) (excessive brutality may support a departure sentence against a defendant convicted of sexual battery by slight force if facts supporting such finding are proven beyond reasonable doubt). We further find that the extent of departure in this case was not an abuse of discretion. See Albritton v. State, 476 So.2d 158 (Fla.1985).
Appellant’s final contention is that the trial court erred in imposing costs without affording him notice and a hearing. Appellant, however, waived such notice and hearing in his signed affidavit of insolvency. Therefore, this point is without merit. See Dailey v. State, 501 So.2d 15 (Fla. 2d DCA 1986).
Accordingly, appellant’s sentences are affirmed.
DANAHY, C.J., and SCHOONOVER and SANDERLIN, JJ., concur.