501 So.2d 178 (1987)
Stingray JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0365.
District Court of Appeal of Florida, Fourth District.
January 28, 1987.
*179 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Of the six issues which have been raised herein, only those which we find to have merit are addressed in this opinion, by which we reverse appellant's sentence and remand for resentencing.
The trial court gave the following reasons for departure from the guidelines:
1. The Defendant is an habitual offender pursuant to F.S. 775.084.
2. The Defendant lied to this Court when he was placed on probation as to his name, aliases, and prior record. The Defendant has made a career out of crime and when caught uses various names to escape responsibility.
3. The Defendant committed the instant offense only eight days after being released from his third separate prison commitment.
4. The Defendant committed three felonies and five misdemeanors after he was placed on probation for the instant offense.
The habitual offender statute, section 775.084, Florida Statutes (1985), can no longer operate as an alternative to guidelines sentencing nor as a reason for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986). Cf. Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986) (habitual offender statute still effective basis on which to exceed statutory maximum so long as sentence imposed does not exceed guidelines recommendation). Accordingly, the trial court's first basis for departure has been eliminated.
The trial court's second basis for departure is also invalid. In effect, it punishes appellant for a crime (perjury) for which he has neither been charged nor convicted, in contravention of Florida Rule of Criminal Procedure 3.170(f). See Sloan v. State, 472 So.2d 488 (Fla.2d DCA 1985), quashed in part on other grounds, 491 So.2d 276 (Fla. 1986); Beauvais v. State, 475 So.2d 1342 (Fla.3d DCA 1985).
The trial court's third reason has been found to be a valid reason for departure. Nixon v. State, 494 So.2d 222 (Fla. *180 1st DCA 1986) (defendant's commission of offense in question only 3 1/2 months after release from prison valid reason for departure). However, the fourth reason given, as presently worded, is not valid as it has already been calculated into appellant's guideline score. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Since we cannot find beyond a reasonable doubt that the trial court would have departed as it did had it known three of the four reasons given for departure were invalid, we reverse and remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
GLICKSTEIN, DELL and STONE, JJ., concur.