502 So.2d 1302 (1987)
Horace Lee HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. BM-177.
District Court of Appeal of Florida, First District.
February 23, 1987.
*1303 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant contends the trial court erred in two respects. First, it erred in determining him to be an habitual offender. Second, it erred in basing a departure sentence on the habitual offender findings.
Departure based on the habitual offender findings is invalid. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
The first issue requires further consideration as it would permit the trial court to sentence up to 5 1/2 years within the guidelines on a third degree felony otherwise statutorially limited to 5 years. The trial court failed to make essential findings as required by section 775.084(3), Florida Statutes (1985), that an extended term of imprisonment was "necessary for the protection of the public." The case must be remanded for the trial court to make the required findings, if it can. The trial court may still make a determination that an enhanced sentence under the habitual offender statute is needed. Once it does so, the trial court may then consider whether to sentence up to the guidelines limit or, upon clear and convincing reasons, impose a departure sentence up to the new cap of 10 years. Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986); Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986).
The case is REVERSED and REMANDED for further sentencing proceedings.
SMITH and JOANOS, JJ., concur.