503 So.2d 1342 (1987)
Albert HESTER, Appellant,
v.
STATE of Florida, Appellee.
No. BN-253.
District Court of Appeal of Florida, First District.
March 11, 1987.
Rehearing Denied April 3, 1987.
*1343 Michael Allen, Public Defender, Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Maria Ines Suber, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his final judgment and sentence for the commission of five felonies. We affirm.
On August 19, 1985, at 8:30 A.M., appellant entered North Florida Steel where he proceeded to rob, at gunpoint, several employees. He also assaulted one employee and shot another one in the stomach. His *1344 theory of defense was voluntary intoxication. He requested a special jury instruction on his theory of defense which the trial court denied.
Appellant was tried for attempted first degree murder, aggravated assault with a firearm, and three counts of armed robbery. These crimes are specific intent crimes for which voluntary intoxication is a defense. Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984); Williams v. New England Mut. Life Ins. Co., 419 So.2d 766 (Fla. 1st DCA 1982); Heathcoat v. State, 430 So.2d 945 (Fla. 2d DCA 1983), affirmed, State v. Heathcoat, 442 So.2d 955 (Fla. 1983); Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981). Appellant was convicted of attempted second degree murder with a firearm, aggravated assault, attempted armed robbery, and two counts of armed robbery.
Appellant asserts that the trial court abused its discretion by refusing to give his requested jury instruction on the defense of voluntary intoxication where there was evidence to support the instruction. We disagree. Appellant relied on the testimony of the victims and the arresting officer to prove his theory of defense. The collective testimony of the victims revealed that appellant had red eyes, looked sick and tired, and made some but not a lot of noises that they could not understand. The arresting officer testified that appellant appeared as if he might possibly have been drinking or using drugs. At best, this evidence suggests that appellant may have resembled a person who might have had a few drinks. There is no evidence whatsoever that appellant was intoxicated or even that he had actually consumed alcoholic beverages or drugs. Based on this evidence, it is clear that the trial court did not commit reversible error in denying the requested jury instruction. See Jacobs v. State, 396 So.2d 1113 (Fla. 1981) (jury instruction not required where the evidence shows use of intoxicants but does not show intoxication). The Jacobs holding was reaffirmed in Linehan v. State, 476 So.2d 1262 (Fla. 1985) and Gardner v. State, 480 So.2d 91 (Fla. 1985). See also, Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986).
Appellant also challenges his classification as a habitual offender. He argues that the trial court failed to make specific findings of fact demonstrating the need for an extended prison term to protect the public. Again we disagree. The trial court stated that appellant had demonstrated a willingness and quickness to use firearms against other people. The court predicated its finding on the fact that on two separate occasions, appellant had robbed at gunpoint several victims, two of whom he had seriously wounded, apparently without provocation. The record supports the trial court's finding, notwithstanding that in the second robbery, when appellant shot the unarmed victim, the victim was going for appellant's gun. The two robberies occurred within five weeks of each other. From the above facts, it is clear that the trial court stated sufficient underlying facts to support its determination that an extended prison term was necessary for the protection of the public. Section 775.084(3), Florida Statutes (1985); Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986).
Appellant also asserts that the trial court erred in departing from the guidelines based upon reasons already factored into the guidelines score. We affirm for the reasons set out below.
A guidelines scoresheet was prepared indicating a total of 291 points and a recommended sentencing range of 22-27 years. Appellant was sentenced for the commission of seven felonies, two of which occurred on July 13, 1985, as related in Appellate Case No. BN-252, and five of which occurred on August 19, 1985, as related in Appellate Case No. BN-253. In the first incident, which was appealed separately, the appellant committed attempted second degree murder with a firearm and armed robbery. In the second incident, which is at issue herein, the appellant committed attempted second degree murder with a firearm, attempted armed robbery, two counts of armed robbery, and aggravated assault. The maximum sentence for all seven felonies was extended under the habitual offender statute, five of which were extended from a term of thirty years to *1345 life, one from fifteen years to thirty years, and the other one from five years to ten years. The trial court imposed the extended maximum sentence for all seven felonies, to run concurrently, and gave as its written reasons for departure from the recommended range of 22-27 years the following:
1. As set forth by separate Order, the Defendant has been declared a habitual felony offender by this Court.
2. The Defendant is a career criminal and is non-rehabilitative. The Defendant's criminal history contained in the presentence investigation report indicates an escalated pattern of criminality since 1973. The Defendant is currently 24 years old, which indicates prior criminal activity since age 12 years, and continues through the current offenses by which he stands convicted.
As to the first reason (habitual offender status), after the trial court sentenced appellant, the Florida Supreme Court held that habitual offender status was not an adequate departure reason. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
As to the second reason (career criminal), the trial court relied at least in part on appellant's prior nonjuvenile criminal record which was already factored into the guidelines computation, and thus this was an invalid reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Sampson v. State, 500 So.2d 312 (Fla. 2d DCA 1986).
As to the third reason (nonrehabilitative), the trial court did not present any facts to support this reason, other than appellant's pattern of criminal activity, and thus the reason is not clear and convincing. Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986).
As to the fourth reason (escalated pattern of criminality), the trial court relied on information contained in the PSI Report. Appellant objected to the PSI report on the ground that it contained hearsay testimony, but he did not dispute the truth of any particular statements contained in the report, except for one minor point which was clarified. Even without the PSI report, which is not in the record, there is sufficient evidence in the record to support this clear and convincing reason for departure. To qualify appellant as a habitual offender, certified copies of two judgments and sentences were introduced in evidence which revealed that appellant had committed four third degree felonies (two counts of burglary and two counts of grand theft) for which he was sentenced on April 1, 1983, after revocation of his probation. One of these offenses occurred in 1979 or earlier, and the other three occurred in 1981 or earlier. In the instant case, appellant was sentenced for having committed seven felonies (attempted second degree murder with a firearm and armed robbery in Appellate Case No. BN-252 and attempted armed robbery, attempted second degree murder with a firearm, two counts of armed robbery, and aggravated assault in Appellate Case No. BN-253). These eleven convictions by themselves clearly illustrate appellant's escalating pattern of criminality, beginning with nonviolent third degree felonies against property and progressing to violent first degree felonies against persons. See Keys v. State, 500 So.2d 134 (Fla. 1986) (escalation of violent behavior is a clear and convincing reason for departure when supported by the facts); Pittman v. State, 492 So.2d 741 (Fla. 1st DCA 1986).
As to the sixth reason (appellant's juvenile record), under certain circumstances, this is a clear and convincing reason for departure. Weems v. State, 469 So.2d 128 (Fla. 1985). However, since we do not have the benefit of the PSI report, we will not address this reason.
In addition to its written reasons for departure, the trial court stated the following:
This court finds that any one of the reasons set forth well constitutes clear and convincing reasons for exceeding the recommended guidelines sentence.
The trial court made its position even clearer at the sentencing hearing as indicated by the following statement:
I would have a difficult time sleeping and feeling [sic] I would be derelict in my duties to the people of Duval County and the State of Florida to allow Mr. Hester to be on the streets for any length of *1346 time whatsoever ... he constitutes a clear and present danger to everybody on the streets as far as I'm concerned.
From the above language and the evidence contained in the record on appeal, we are persuaded beyond a reasonable doubt that the trial court would impose the same sentence if any of the above six reasons were found to be valid. Albritton v. State, 476 So.2d 158 (Fla. 1985). Since appellant's "escalating pattern of criminality" is a clear and convincing reason for departing from the guidelines, we affirm the sentence.
Following release of the Whitehead decision, this court has released several opinions upholding application of the habitual offender statute for the purpose of extending the statutory maximum sentence. Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986) (although statutory maximum was extended, appellant was sentenced within the recommended range of the guidelines); Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986) (same); Holmes v. State, 502 So.2d 1302 (Fla. 1st DCA 1987) (on resentencing, trial court authorized, upon clear and convincing reasons, to impose a departure sentence up to the extended statutory maximum penalty). In the instant case, the trial court extended the maximum penalty for each felony and then imposed sentences exceeding the presumptive guidelines sentence based upon a clear and convincing reason for departure.
In light of certain language in Whitehead which suggests repeal of the habitual offender statute by implication, we certify the following question as being one of great public importance:
IS THE HABITUAL OFFENDER STATUTE STILL OPERATIVE FOR THE PURPOSE OF EXTENDING THE PER MISSIBLE MAXIMUM PENALTY AND IMPOSING A DEPARTURE SENTENCE BEYOND THE GUIDELINES?
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.