DANAHY, Chief Judge.
The defendant was convicted of grand theft, a third degree felony. The statutory maximum sentence for that offense is five years. § 775.082(3)(d), Fla.Stat. (1985). The defendant’s guidelines scoresheet indicated a recommended sentencing range of twelve to seventeen years. Florida Rule of Criminal Procedure 3.701(d)(10) provides that if the composite score for a defendant charged with a single offense indicates a guidelines sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
The trial judge declared the defendant a habitual offender under section 775.084 and sentenced him to an enhanced term of ten years imprisonment pursuant to section 775.084(4)(a)(3). The defendant appeals his sentence, arguing that the trial judge erred in declaring him a habitual offender.
Since the sentencing in this case, the supreme court has issued its opinion in Whitehead v. State, 498 So.2d 863 (Fla.1986). Therein the court considered the continued viability of the habitual offender statute, section 775.084, in guidelines sentencing cases. The court concluded that the habitual offender statute cannot be used as a basis for departure from a recommended guidelines sentence nor may it be utilized as an alternative to guideline sentencing.
The present case appeared to present a situation which the supreme court did not directly address in Whitehead; that is, a situation in which the maximum sentence for an offense is less than the guidelines recommended range. To declare the defendant a habitual offender in order to enhance his sentence to the extent allowed by section 775.084, but not in excess of the recommended guidelines range, seemed to us to be an application of the habitual offender statute not disapproved in Whitehead. We have considered, then, whether we should affirm the sentence imposed in this case. We were not able to issue our opinion, however, because there was a dispute in this case as to the computation of the defendant’s guidelines scoresheet. We have twice relinquished jurisdiction to the trial judge for the sole purpose of determining the correct scoresheet applicable to this defendant. The trial judge has now provided us with a scoresheet showing a recommended range of two and one-half years to three and one-half years. He has also purported to resentence the defendant to a term of three and one-half years.
While we were attempting to obtain a corrected guidelines scoresheet in this case, the First District Court of Appeal issued its opinions in two cases in which it agreed with our analysis that the decision in Whitehead does not preclude application of the habitual offender statute in a case where the maximum statutory sentence for a defendant’s offense is less than the guidelines recommended range. Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986).
*1077 It now appears that the supreme court has considered and rejected the suggestion that the habitual offender act can be utilized in those instances in which the permitted guidelines range exceeds the statutory maximum for the offense charged. Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 506 So.2d 392 (Fla.1987) (Grimes, J., specially concurring).
In any event, the issue has become moot in this case by the recalculation of the defendant’s scoresheet to reflect a recommended range below the statutory maximum. Since the trial judge was without jurisdiction to resentence the defendant pending this appeal, we reverse for resen-tencing.
HALL and SANDERLIN, JJ., concur.