CAMPBELL, Acting Chief Judge.
Appellant, James Patterson, appeals his sentence. The trial court sentenced him to serve fifty years for second-degree murder, a concurrent term of ten years for aggravated assault and a three-year minimum mandatory sentence for each count.
The state concedes that there is no indication that a scoresheet was prepared. *1144 Neither is there any indication that the court knew what the correct presumptive sentence was. Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985). We, therefore, vacate appellant's sentences and remand for resentencing with directions that a sentencing guidelines scoresheet be prepared and considered by the trial court before the imposition of a sentence.
We would also note that any departure would have to be supported by clear and convincing reasons contained in separate written findings. Pentaude v. State, 500 So.2d 526 (Fla.1987); State v. Mischler, 488 So.2d 523 (Fla.1986). While the habitual offender status is no longer a proper reason to depart from the guidelines and its use to enhance the statutory maximum sentence is questionable (see opinion, Florida Rules of Criminal Procedure Re: Sentencing Guidelines, 506 So.2d 392 (Fla. 1987) (Grimes, J., concurring); Whitehead v. State, 498 So.2d 863 (Fla.1986)), appellant’s use of a firearm may be used to enhance the statutory maximum punishment allowed under sections 775.084 and 775.087, Florida Statutes (1985). Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986).
SANDERLIN and THREADGILL, JJ., concur.