509 So.2d 1090 (1987)
Robert Carl HOEFERT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-258.
District Court of Appeal of Florida, Second District.
May 13, 1987.
Rehearing Denied July 15, 1987.
*1091 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant raises two issues on his appeal. Because we find merit only in appellant's sentencing issue, we must affirm appellant's convictions, but remand for resentencing as discussed herein.
Appellant was charged with attempted sexual battery and kidnapping. He was tried by jury and was found guilty of attempted sexual battery and false imprisonment. As stated, we find no error in his convictions.
Under the sentencing guidelines, appellant's total recommended sentence was a term of imprisonment of seventeen to twenty-two years. Both of the offenses for which appellant was convicted constitute third degree felonies, each punishable by a term of imprisonment not exceeding five years. §§ 775.082(3)(d), 777.04(4)(c), 787.02(2), 794.011(5), Fla. Stat. (1983). Since appellant's recommended guidelines sentence exceeded the statutory maximum, the trial judge adjudged appellant to be a habitual offender so as to enhance the statutory maximum punishment for the third degree felonies for which appellant was convicted. The trial judge then imposed twenty-year prison sentences for each conviction to run concurrently.
Appellant argues only two errors in regard to his enhanced sentences. His first argument is that by imposing twenty-year sentences for each conviction, the trial judge exceeded the statutory maximum even though the maximum sentence had been enhanced by utilization of the habitual offender statute. We agree. Section 775.084(4)(a)(3), Florida Statutes (1983) provides for the enhancement of punishment for a third degree felony only to a term of imprisonment not exceeding ten years, rather than the twenty years the trial judge imposed for each conviction.
Appellant's only other argument related to his sentences is that the trial judge's reasons for adjudging appellant a habitual offender were not sufficiently specific to comply with section 775.084(3), Florida Statutes (1983). Appellant suggests that while there was some evidence in the record to support the trial judge's conclusion that an extended term of imprisonment was necessary as provided for in section 775.084, there were no such written conclusions supported by the essential findings of fact. Walker v. State, 462 So.2d 452 (Fla. 1985); Hopkins v. State, 463 So.2d 521 (Fla. 3d DCA 1985). We agree and remand for resentencing.
*1092 If the trial judge is able, by written findings evidenced by specific record facts, to support the conclusion that appellant should be sentenced as a habitual offender, appellant may be so resentenced, but for a term of imprisonment not to exceed ten years for each conviction. If appellant is so resentenced, the trial judge could impose the sentences for each conviction to run consecutive to the other.
Because we are remanding with permission for the trial judge to again adjudicate appellant a habitual offender if the proper findings are made, we must address an issue not raised by appellant and, in our opinion, left unanswered in Whitehead v. State, 498 So.2d 863 (Fla. 1986). That issue can be stated as follows:
Is the habitual offender statute still an effective basis on which to exceed the statutory maximum as long as the sentence imposed does not exceed the guidelines recommendation?
That issue was answered in the affirmative by our colleagues of the First District Court of Appeal in Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986). Then because of concern over some of the language in Whitehead, the question posed was again answered in the affirmative and certified to our supreme court in Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986).
We have also expressed concern over Whitehead's application to the limited issue stated above in Patterson v. State, 506 So.2d 1143 (Fla. 2d DCA 1987) and Rasul v. State, 506 So.2d 1075 (Fla. 2d DCA 1987). However, in neither Patterson nor Rasul were we required to address the issue to decide those cases. Now that we are faced squarely with the issue, we have concluded, after considerable study of Whitehead and its progeny and Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987), that the question posed should be answered in the affirmative.
We start first with The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 468 So.2d 220 (Fla. 1985). In subsection (h) of the footnote to that opinion, the supreme court specifically states:
The Committee Note to rule 3.701(d)(10) is revised to clarify the relation of both types of enhancement statute, i.e., reclassification and habitual offender, to the sentencing guidelines. The present text of the note speaks only to reclassification and has generated confusion.
The problem the supreme court was addressing in that footnote[1] arises from Rule 3.701(d)(10), which provides:
Sentences exceeding statutory maximums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
The very specific language added in the revision of Committee Note to Rule 3.701(d)(10), and adopted in its opinion by the supreme court in 468 So.2d at 225 so as to alleviate the confusion, is as follows:
If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category. If the offender is sentenced under section 775.084 (habitual offender), the maximum allowable sentence is increased as provided by the operation of that statute. If the sentence imposed departs from the recommended sentence, the provisions of paragraph (d)(11) shall apply.

In Whitehead, the supreme court, rather than rejecting the added language in the Committee Note it had specifically adopted in 468 So.2d at 225, uses that very added language, particularly the last sentence thereof, as support for its holding that habitual offender status is not an adequate reason to depart from recommended guidelines sentences absent compliance with *1093 Rule 3.701(d)(11) as the Committee Note explains.
Recently, we were further confused by language in Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987). That opinion states, at page 164 under section VIII of the opinion: "We reject the commission's request to revise the committee note to rule 3.701.d.11 as it relates to the Habitual Offender Act. See Whitehead v. State, 498 So.2d 863 (Fla. 1986)." Justice Grimes, in a special concurring opinion addressed only to section VIII of the opinion, states:
For the reasons expressed in Whitehead v. State, 498 So.2d 863 (Fla. 1986), I can understand the Court's reluctance to accept the commission's recommendation that sentences imposed under the Habitual Offender Act need not conform to the guidelines. However, I do find merit in the suggestion of Public Defender, Louis O. Frost, Jr., that the Habitual Offender Act could be utilized in those instances in which the permitted guidelines range exceeds the total statutory maximums for the offenses charged.
Unfortunately, we do not have access or knowledge as to specifically what "the suggestion of Public Defender, Louis O. Frost, Jr." implied. We are unable to tell whether the supreme court majority felt the issue was already adequately spoken to and need not be further addressed and Justice Grimes felt it should be specifically addressed, or whether the majority rejected the merits of Public Defender Frost's suggestion.
We are persuaded in our ultimate conclusion, however, by the fact that the majority opinion rejects only a request to revise Rule 3.701(d)(11), which addressed only departures from guideline sentence ranges. The majority opinion does not speak to Rule 3.701(d)(10) but, on the contrary, readopts the Committee Note to Rule 3.701(d)(10) [12 FLW at 166] that it had adopted in revised form in its earlier opinion in 468 So.2d at 225.
We, therefore, conclude that the habitual offender statute remains a viable method to enhance the statutory maximum penalty of an offense so as to be useful in connection with rule 3.701(d)(10). However, like our colleagues on the First District Court of Appeal, we certify as a question of great public importance the question as hereinabove posed.
Affirmed in part, reversed in part and remanded for resentencing.
SCHOONOVER and FRANK, JJ., concur.
NOTES
[1] Again, our colleagues on the First District Court of Appeal have addressed that problem and clearly pointed out the difference between a reclassification statute and a pure enhancement statute in Jennings v. State, 498 So.2d 1373 (Fla. 1st DCA 1986).