508 So.2d 768 (1987)
Morris Lee SMITH, Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, Appellee.
No. 85-2893.
District Court of Appeal of Florida, Second District.
June 17, 1987.
*769 James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Morris Lee Smith, permitted a delayed appeal in accordance with State v. Meyer, 430 So.2d 440 (Fla. 1983), challenges the trial court's judgment and sentence entered upon his conviction for escape, battery on a law enforcement officer and two counts of simple assault. We have considered each of Smith's points on appeal and find merit in one.
The error Smith asserts, with which we agree, rests upon the trial court's failure in declaring him a habitual offender to express the specific findings required by section 775.084, Florida Statutes (1985). The trial judge's statement that "an enhanced sentence is necessary for the protection of the public from further criminal activity by this man. He is truly a menace," is conclusory and lacks the specificity required to satisfy the habitual offender statute. See Eutsey v. State, 383 So.2d 219 (Fla. 1980).
Apart from the trial court's failure to comply with the requirements essential to a habitual offender sentence, there is a point not raised by Smith which we deem appropriate to answer  was the trial court empowered to utilize the habitual offender statute to enhance Smith's sentence beyond the statutory maximum in the light of Whitehead v. State, 498 So.2d 863 (Fla. 1986)? We respond in the affirmative.
The statutory maximum sentence for escape, a second degree felony, § 944.40, Fla. Stat. (1985), is fifteen years, 775.082(3)(c), Fla. Stat. (1985), and five years, § 775.082(3)(d), Fla. Stat. (1985), for the third degree felony of battery on a law enforcement officer, §§ 784.07(2)(b), Fla. Stat. (1985). Smith's scoresheet indicated a recommended guidelines sentence of life. The presumptive sentence, however, would have exceeded the statutory maximum and, if imposed, would have been illegal. Skinner v. State, 366 So.2d 486 (Fla. 3d DCA 1979). Thus, it appears that in order to avoid an illegally excessive sentence, but to impose one not confined to the statutory maximum, the trial court adjudged Smith a habitual offender and sentenced him pursuant to section 775.084(4)(a)(2) and (3), Florida Statutes (1985); i.e., thirty years for escape and ten years on the battery count, the sentences to run consecutively.
Rule 3.701(d)(10) of the Florida Rules of Criminal Procedure provides that "if the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed." The committee note to that rule provides that the habitual offender statute can be used to increase the maximum allowable sentence but with the caveat that if a departure from the guidelines results, the trial court must express valid reasons. It is our view that the First District's decisions in Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986) and Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986), correctly interpreted Whitehead in applying rule 3.701(d)(10). See Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987).
In Myers and Winters the First District sustained the use of the habitual offender statute as a means for increasing the statutory maximum sentence in the circumstance where the habitual offender sentence fell within the recommended range. The instant case, however, presents an anomaly arising from the fact that the forty year habitual offender sentence imposed by the trial court is substantially less than the presumptive life sentence. At first glance that consequence could be denominated a downward departure calling for clear and convincing reasons. Indeed, it can be said with equal validity that imposition of the twenty year statutory maximum would have been a downward departure. It is our view, within the context of this proceeding, that a *770 departure did not occur and hence, the trial court was not required by rule 3.701(d)(11) to state clear and convincing reasons as a predicate for the non-guidelines sentence. We perceive nothing in the conclusion we have reached that is incompatible with Whitehead. We, therefore, follow our decision in Hoefert and find that a residue of vitality remains in the habitual offender statute as a technique for exceeding a maximum statutory sentence but only if the sentence does not exceed a properly calculated recommended range.
Smith's second point on appeal disputes the trial court's oral imposition of costs under section 27.3455, Florida Statutes (1985), without the required notice and hearing. Smith's execution of an affidavit of insolvency containing a waiver of notice and hearing renders the contention meritless. Allen v. State, 502 So.2d 950 (Fla. 2d DCA 1987); Dailey v. State, 501 So.2d 15 (Fla. 2d DCA 1986).
Accordingly, we confirm Smith's conviction, vacate the sentence and remand for the entry of the specific findings required to sentence smith as a habitual offender.
RYDER, A.C.J., and THREADGILL, J., concur.