ERVIN, Judge.
Appellant appeals a declaration of habitual offender status and a departure sentence from the sentencing guidelines of two concurrent 7y2-year terms. We affirm the declaration of habitual offender status and reverse the departure sentence.
Section 775.084(3), Florida Statutes, requires that a court make specific findings as to why it is necessary to sentence appellant to an extended term for the protection of the public in order to declare a defendant an habitual offender. The detailed findings of the trial court as to appellant’s record in the last five years, including his violation of probation and “disregard for the property rights of others”, are sufficient reasons for the designation of appellant as an habitual offender. See Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986).
The trial court did not, however, provide a satisfactory reason for departure from the guidelines sentence of 3 ¥2 to 4V2 years. The only reason for departure given by the trial court was the designation of the appellant as an habitual offender. Whitehead v. State, 498 So.2d 863 (Fla.1986), clearly states that habitual offender status is not a valid ground for departure from a guidelines sentence. Therefore the departure sentence of two concurrent 7V2-year terms is reversed, and the cause is remanded to the trial court for resentenc-ing.
AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
SMITH, C.J., and BOOTH, J., concur.