511 So.2d 1131 (1987)
Johnny Lee KING, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1726.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Michael W. Baker, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant Johnny Lee King was convicted of possession of cocaine, a third degree felony carrying a statutory maximum penalty of five years' imprisonment. The recommended guidelines sentence range on appellant's scoresheet was five and one-half to seven years' imprisonment. The trial court adjudged appellant a habitual offender under section 775.084, Florida Statutes (1985), and sentenced him to seven years in prison.
Appellant contends that the trial court erred in sentencing him as a habitual offender because (1) the court's findings did not warrant application of that statute, and (2) the habitual offender statute is no longer viable, relying upon Whitehead v. State, 498 So.2d 863 (Fla. 1986).
To justify its resort to the habitual offender statute the trial court made specific findings on the record, which we hold constitute a sufficient basis for application of that statute. Furthermore, we reject appellant's second contention that the habitual offender statute is no longer available to the trial courts in the sentencing process because of the supreme court's decision in Whitehead. Reliance on Whitehead for that contention is misplaced. In our view, a careful reading of this decision reflects that the holding of the court was that the habitual offender statute is no longer a *1132 clear and convincing reason to depart from the guidelines recommended sentence. Whitehead does not hold that section 775.084, Florida Statutes (1985), cannot be used to enhance a sentence as long as it does not exceed the guidelines recommended sentence. Therefore, it appears appropriate to us for the trial court to resort to the habitual offender statute to enhance appellant's sentence beyond the statutory maximum, so long as it remains within the guidelines recommended range.
According to our research, all but one of the cases decided since Whitehead have construed that decision to allow use of the habitual offender statute as we propose to apply it in the present case. See Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987); Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987); Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986); Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986). The lone exception is Frierson v. State, 511 So.2d 1016 (Fla. 5th DCA 1987). That court believed that Whitehead held the habitual offender statute was no longer viable as it had been repealed by implication.
The Winters court certified the following question to the Supreme Court of Florida, and we join with them in certifying that question as one of great public importance:
IS THE HABITUAL OFFENDER STATUTE STILL AN EFFECTIVE BASIS ON WHICH TO EXCEED THE STATUTORY MAXIMUM AS LONG AS THE SENTENCE IMPOSED DOES NOT EXCEED THE GUIDELINES RECOMMENDATION?
Accordingly, we affirm the judgment of conviction and sentence appealed from in this case.
HERSEY, C.J., and DOWNEY and GUNTHER, JJ., concur.