512 So.2d 331 (1987)
Manuel CONDILES, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-3184.
District Court of Appeal of Florida, Third District.
September 15, 1987.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
PER CURIAM.
In affirming the sentence imposed below, we join our sister court in Myers v. State, 499 So.2d 895, 898 (Fla. 1st DCA 1986),[1] in holding that where, as here, the trial court "utilized the habitual offender statute to increase the length of sentence allowed by law and not to exceed the term of imprisonment recommended by the sentencing guidelines," there is no conflict with Whitehead v. State, 498 So.2d 863 (Fla. 1986), and the sentence is lawful. We certify the following question as being one of great public importance:
IS USE OF THE HABITUAL OFFENDER STATUTE TO EXCEED THE STATUTORILY PRESCRIBED MAXIMUM SENTENCE FOR THE OFFENSE PRECLUDED WHERE THE SENTENCE IMPOSED DOES NOT EXCEED THE *332 RECOMMENDED GUIDELINE SENTENCE?
Affirmed.
NOTES
[1] Recently followed in Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986), and Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987). See also Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987).