DOWNEY, Judge.
Appellant was placed on probation for burglary of a structure, a third degree felony. Thereafter, he was found guilty of violating his probation and the state filed notice of intent to request a sentence as an habitual felony offender. The trial court sentenced appellant as an habitual felony offender to a term of ten years, a sentence which exceeded the statutory maximum for the underlying crime, but which was within the recommended guidelines sentence.
Appellant contends on appeal that the Supreme Court of Florida, in Whitehead v. State, 498 So.2d 863 (Fla.1986), “repealed” the habitual felony offender statute and that it can no longer co-exist in this era of guideline sentencing.
We hold, as we did in King v. State, 511 So.2d 1131 (Fla. 4th DCA 1987), that the habitual felony offender statute remains viable in order to impose a sentence greater than the maximum provided by statute for the particular crime involved as long as it does not exceed the maximum range of the recommended guidelines sentence. This same conclusion has been reached in the following cases from the first and second district courts of appeal: Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987); Washington v. State, 508 So.2d 565 (Fla. 2d DCA 1987); Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987); Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986), wherein the respective courts certified to the Supreme Court of Florida the following question as one of great public importance:
IS THE HABITUAL OFFENDER STATUTE STILL AN EFFECTIVE BASIS ON WHICH TO EXCEED THE STATUTORY MAXIMUM AS LONG AS THE SENTENCE IMPOSED DOES NOT EX *797 CEED THE GUIDELINES. RECOMMENDATION?
As in King, we join those courts in certifying said question as one of great public importance.
Having considered all of appellant’s other contentions, we affirm the judgment and sentence appealed from.
HERSEY, C.J., and WALDEN, J., concur.