PER CURIAM.
Based solely on the unchallenged finding that Wooten was a habitual offender, and notwithstanding the recommended guidelines range of 5-7½ years, the trial judge sentenced him to ten years for second degree grand theft. The ten year sentence, which is the maximum permissible for a habitual offender convicted of a third degree felony, § 775.084(4)(a)3, Fla.Stat. (1985), is unauthorized under Whitehead v. State, 498 So.2d 863 (Fla.1986). On the other hand, as in Condiles v. State, 512 So.2d 331 (Fla. 3d DCA 1987), we reject the defendant’s contention that the habitual offender statute may not be employed to increase the statutory limit for the crime in question, which in this case would otherwise be five years, see §§ 812.014(2)(b), 775.082(3)(d), Fla.Stat. (1985), so long as the resulting sentence is within the guidelines. Accord Johnson v. State, 513 So.2d 1388 (Fla. 3d DCA 1987); Bellinger v. State, 513 So.2d 732 (Fla. 3d DCA 1987); Reid v. State, 512 So,2d 1161 (Fla. 3d DCA 1987); Priester v. State, 513 So.2d 796 (Fla. 4th DCA 1987). On these holdings the sentence under review is reversed and the cause remanded for resentencing within the guidelines.
As in Condiles, we certify this cause to the Supreme Court as involving the following question of great public importance:
Is use of the habitual offender statute to exceed the statutorily prescribed maximum sentence for the offense precluded where the sentence imposed does not exceed the recommended guideline sentence?
Reversed and remanded.