RYDER, Judge.
Appellant invites us to recede from our opinion in Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987), which was followed in Sims v. State, 513 So.2d 671 (Fla. 2d DCA 1987), Washington v. State, 508 So.2d 565 (Fla. 2d DCA 1987) and Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987). We decline appellant’s invitation. We note conflict with the fifth district’s decision in Neeley v. State, 498 So.2d 690 (Fla. 5th DCA 1986).
Appellant also argues that the trial court did not comply with the specific findings requirement of section 775.084, Florida Statutes (1985), as outlined in Eutsey v. State, 383 So.2d 219 (Fla.1980). We agree. The court’s only statement in support of its enhancement was “the court finds from the fact that Alvin Louis Gainey meets all of the qualifications of a habitual offender that it is necessary for the protection of society to declare him as such.” This mere conclusory statement does not comply with the specificity requirement. Accordingly, we affirm the conviction and vacate appellant’s sentence and remand for resentenc-ing. If the trial court again determines that appellant’s sentence should be enhanced pursuant to the habitual offender statute, it should enter specific findings in accordance with the requirements of Eut-sey.
Affirmed in part, vacated in part and remanded with instructions.
SCHEB, A.C.J., and FRANK, J., concur.