516 So.2d 1064 (1987)
Larry McMILLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1933.
District Court of Appeal of Florida, Fourth District.
December 16, 1987.
*1065 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The defendant was convicted of grand theft. The maximum statutory penalty for this third degree felony is five years. § 775.082(3)(d), Fla. Stat. He was sentenced as a habitual offender under section 775.084(4)(a)3, Florida Statutes, to ten years incarceration, the maximum period permitted under that statute. The guidelines scoresheet provided for a maximum sentence of thirty months. The trial court aggravated the defendant's sentence based on two grounds: (1) a continuing and persistent pattern of criminal activity demonstrating the futility of rehabilitation, and (2) the perpetration of the offenses shortly after the defendant's release from prison. These reasons are a valid basis for departure. See Williams v. State, 504 So.2d 392 (Fla. 1987); Brockington v. State, 506 So.2d 495 (Fla.5th DCA 1987); Shelton v. State, 510 So.2d 1068 (Fla.2d DCA 1987); Harmon v. State, 506 So.2d 500 (Fla.1st DCA 1987). The crime in this instance occurred shortly after the defendant's release from his latest commitment to prison. His most recent conviction was for sexual battery. He twice previously has been convicted of burglary of a dwelling involving an attempted sexual battery.
Appellant contends that his sentence is invalid under Whitehead v. State, 498 So.2d 863 (Fla. 1986). With the exception of the Fifth District, the appellate courts in this state have held that it is proper for the trial court to resort to the habitual offender statute to enhance a defendant's sentence beyond the statutory maximum, where the sentence does not exceed the recommended guidelines range. See Condiles v. State, 512 So.2d 331 (Fla.3d DCA 1987); King v. State, 511 So.2d 1131 (Fla.4th DCA 1987); Hoefert v. State, 509 So.2d 1090 (Fla.2d DCA 1987); Smith v. Wainwright, 508 So.2d 768 (Fla.2d DCA 1987); Winters v. State, 500 So.2d 303 (Fla.1st DCA 1986). Here the sentence imposed exceeds both the statutory maximum penalty and the presumptive guidelines sentence.
The validity of such a sentence was recognized in Hall v. State, 511 So.2d 1038 *1066 (Fla.1st DCA 1987), and Holmes v. State, 502 So.2d 1302 (Fla.1st DCA 1987). In Hester v. State, 503 So.2d 1342 (Fla.1st DCA 1987), a similar sentence was affirmed. We agree with the conclusions in these cases and affirm the judgment and sentence. The other issues raised by appellant are also affirmed.
We certify the following question as one of great public importance: DOES WHITEHEAD V. STATE PRECLUDE APPLICATION OF THE HABITUAL OFFENDER STATUTE TO A SENTENCE IN EXCESS OF THE SENTENCING GUIDELINES WHERE THE TRIAL COURT STATES VALID GROUNDS FOR DEPARTURE OTHER THAN THE GROUNDS DISAPPROVED IN WHITEHEAD?
GLICKSTEIN and DELL, JJ., concur.