WALDEN, Judge.
Appellant Stingray Jones was convicted of grand theft, a third degree felony under § 812.014(l)(b), Florida Statutes. Appellant’s original sentence was reversed and the case was remanded for resentencing. Jones v. State, 501 So.2d 178 (Fla. 4th DCA 1987). Upon resentencing, appellant was sentenced to ten years in prison, with credit for time served. The maximum statutory penalty under § 775.082(3)(d), Florida Statutes, is five years. The recommended guidelines sentence was two and one half to three and one half years. The trial court gave the following written reasons for departure from the guidelines:
1. The Defendant committed the instant offense only eight days after being released from his third separate pris *122 on commitment. The Court finds that this reason standing alone would be sufficient to depart to the maximum period allowed by law as extended by the habitual offender statute.
2. The Defendant’s behavior demonstrates a continuing and escalating pattern of criminal conduct. Since the Defendant was placed on probation he has been convicted of three additional grand thefts which could not be scored under the guidelines.
Appellant timely appealed his sentence, claiming it is invalid under Whitehead v. State, 498 So.2d 863 (Fla.1986).
We find the trial court’s written reasons are valid reasons to aggravate. See Williams v. State, 504 So.2d 392, 393 (Fla.1987); Jones v. State, 501 So.2d 178, 179 (Fla. 4th DCA 1987). We have recently held that despite Whitehead, it is appropriate for a trial court to resort to the habitual offender statute to enhance defendant’s sentence beyond the statutory maximum as long as it remains within the recommended guidelines range. King v. State, 511 So.2d 1131 (Fla. 4th DCA 1987). See also Priester v. State, 513 So.2d 796 (Fla. 4th DCA 1987). The remaining issue is whether the trial court improperly used the habitual offender statute to enhance appellant’s sentence beyond both the statutory penalty and the recommended guidelines range. A similar sentence was recently upheld by this court in McMillan v. State, 516 So.2d 1064 (Fla. 4th DCA 1987), citing Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987), Holmes v. State, 502 So.2d 1302 (Fla. 1st DCA 1987), and Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987). But see Kersey v. State, 515 So.2d 261 (Fla. 5th DCA 1987). Accordingly, we affirm and certify the following question:
DOES WHITEHEAD V. STATE, 498 So.2d 863 (Fla.1986) PREVENT THE USE OF THE HABITUAL OFFENDER STATUTE TO ENHANCE A DEFENDANT’S SENTENCE BEYOND THE RECOMMENDED GUIDELINES SENTENCE AND BEYOND THE MAXIMUM STATUTORY PENALTY WHERE THERE ARE OTHERWISE VALID GROUNDS FOR DEPARTURE? AFFIRMED.
HERSEY and DOWNEY, JJ. concur.