DANAHY, Chief Judge.
We have considered the three issues the appellant raises in this appeal from his convictions and sentences for battery, attempted sexual battery, and petit theft and find no error. Accordingly, we affirm.
Concerning the first issue, we find that the requirements of section 90.801(2)(b), Florida Statutes (1985), were met and that the victim’s prior consistent statements were properly admitted into evidence. Her statements to the witnesses that she was assaulted, the statements at issue here, occurred prior to her knowledge that she was out of Hillsborough County and in Pasco County (where being out of Hillsbor-ough County without her probation officer’s permission was the implied motive to fabricate). Her statements were equally admissible as part of the excited utterance exception to the hearsay rule as found in section 90.803(2), Florida Statutes (1985).
Addressing the second issue, we find that the state did make out a prima facie case of criminal venue. There was testimony from which the jury, as fact-finder, *772 could find that the events charged took place in Pasco.
Finally, we note that the issue dealing with the appellant’s sentence as an habitual offender, above the statutory maximum but below the presumptive range of the sentencing guidelines, has been dealt with by this court in Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987), adversely to the appellant’s contentions. Accord Wooten v. State, 515 So.2d 331 (Fla. 3d DCA 1987); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986); Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986). Because we have certified the question before us in previous cases presenting the same scenario, Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987), Washington v. State, 508 So.2d 565 (Fla. 2d DCA 1987), and Sims v. State, 513 So.2d 671 (Fla. 2d DCA 1987), we do so again because we believe that it presents a continuing question of great public importance, to-wit:
IS THE HABITUAL OFFENDER STATUTE STILL AN EFFECTIVE BASIS ON WHICH TO EXCEED THE STATUTORY MAXIMUM AS LONG AS THE SENTENCE IMPOSED DOES NOT EXCEED THE GUIDELINES RECOMMENDATION?
Affirmed.
LEHAN and SCHOONOVER, JJ., concur.