PER CURIAM.
Appellant challenges his robbery conviction, which we affirm. Appellant also challenges his sentence based on an alleged improper departure from the recommended guidelines range. We agree that the trial court’s written reasons for departure are partially invalid.
The invalid reasons for departure are appellant's habitual felony offender status, Whitehead v. State, 498 So.2d 863 (Fla.1986), and the necessity of an extended term for the protection of the public, Mitchell v. State, 513 So.2d 1122 (Fla. 4th DCA 1987). The valid reasons for depar *664 ture are that the felony occurred within five years of a prior robbery conviction and within only a few months after appellant’s release from prison, Jones v. State, 501 So.2d 178 (Fla. 4th DCA 1987); appellant has been on probation twice and violated it twice, Adams v. State, 490 So.2d 53 (Fla.1986); and he has a continuing and persistent pattern of escalating activity, Williams v. State, 504 So.2d 392 (Fla.1987).
We must presume there was no guidelines scoresheet at sentencing, since the record contains no scoresheet. Huhn v. State, 511 So.2d 583, 592 (Fla. 4th DCA 1987). It is reversible error not to have a guidelines scoresheet available at sentencing. Koble v. State, 480 So.2d 694, 695 (Fla. 4th DCA 1985). Moreover, it is apparent that appellant was sentenced in excess of both the statutory maximum and what the guidelines would have called for.
Accordingly, we vacate the sentence and remand for resentencing after preparation of a guidelines scoresheet. Any departure from the guidelines should be based on proper grounds contained in a written departure order. See e.g. Carpenter v. State, 515 So.2d 431 (Fla. 4th DCA 1987); Fletcher v. State, 514 So.2d 1157 (Fla. 2d DCA 1987); Rivers v. State, 513 So.2d 766 (Fla. 1st DCA 1987).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
DOWNEY, WALDEN and GUNTHER, JJ., concur.