COBB, Judge.
Daniel Brown appeals the summary denial of his rule 3.800 motion to correct illegal sentence. We reverse and remand for further proceedings.
Brown’s motion alleges the following. In lower court case number 86^439-CF, a jury found him guilty of attempted second degree murder and burglary of a dwelling with a battery. After he was sentenced on December 4, 1986, he timely filed an appeal on December 31, 1986. However, on January 5, 1987, the trial court entered a corrected sentence that, according to Brown, also vacated the sentence originally imposed on December 4, 1986.
Brown argues that the trial court’s action of January 5,1987 was illegal because at that point, jurisdiction had already vested in this court and the trial court, as a result, lacked jurisdiction to correct his sentence. As support, Brown’s motion cites Harrell v. State, 197 So.2d 505 (Fla.1967); Woods v. State, 516 So.2d 52 (Fla. 2d DCA 1987); and Rasul v. State, 506 So.2d 1075 (Fla. 2d DCA 1987). We conclude that these cases support Brown’s position and that he may be entitled to relief if the allegations in his motion are true. See also Wolfson v. State, 437 So.2d 174, 175 (Fla. 2d DCA 1983) (once the notice of appeal is filed, the trial court lacks authority “to make even a proper reduction of the sentences”).
The trial court’s order summarily denied Brown’s motion. The order does not include attachments to the record conclusively demonstrating that Brown is not entitled to relief. See Fla.R.App.P. 9.140(g). Therefore, we reverse and remand to the trial court in order for it to attach portions of the record in lower court case number 86-439-CF conclusively refuting Brown’s allegations, hold an evidentiary hearing or grant Brown’s motion. See, e.g., Small v. State, 624 So.2d 417 (Fla. 5th DCA 1993).
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
DIAMANTIS and THOMPSON, JJ., concur.