CAMPBELL, Acting Chief Judge.
Appellant, Dwight Fleming, appeals the nine-year term of imprisonment the trial court ordered him to serve when it resen-tenced him after this court vacated his initial sentence. 480 So.2d 715. Appellant contends that the trial court, contrary to this court’s order, failed to make written findings in support of appellant’s habitual offender status, and failed to issue written reasons for exceeding the guidelines.
At the sentencing hearing, the court found that the state had proved the requirements of the habitual offender statute, that appellant’s present offense had been committed within five years of a prior *39 burglary in 1982 for which appellant had not been pardoned, and that appellant’s presentence report showed that he had committed another burglary in 1978 and had been incarcerated for both the 1982 and 1978 offenses with no evidence of rehabilitation. The court concluded that appellant’s sentence required enhancement to protect the citizens of Florida and again sentenced appellant to serve nine years in prison.
The court’s written findings satisfied section 775.084, Florida Statutes (1984) since the court specified the two specific offenses it relied on when it found appellant was a habitual felony offender. However, the supreme court has now held that habitual offender status may not be used as a basis for departing from the guidelines. Whitehead v. State, 498 So.2d 868 (Fla.1986).
We must, therefore, reverse appellant’s sentence and remand for resentencing pursuant to the recommended guidelines sentence.
LEHAN and FRANK, JJ., concur.