FRANK, Judge.
While awaiting transfer to the Department of Corrections, Dudeck was incarcerated in the Collier County Jail. He was visited by a friend, Dana Bliss. A corrections officer observed Bliss wearing white sneakers and Dudeck wearing tan sneakers. Officer Hoosier, who was overseeing the contact visitation room where Dudeck and Bliss met, noticed that Dudeck was trying on the white sneakers worn by Bliss. When the visit concluded Dudeck was wearing the white sneakers and Bliss was wearing the tan sneakers. Dudeck’s “new” shoes were searched. Under the inner sole on the left shoe two syringes and a small plastic bag containing a white powdery substance, later determined to be baking soda, were discovered. A search under the inner sole on the right shoe, however, revealed a small plastic bag containing marijuana.
Dudeck was charged and convicted of possession of contraband in a county detention facility. The guidelines scoresheet reflected a recommended sentence of 5½ to 7 years in the state prison. The trial court departed from the guidelines and sentenced Dudeck to ten years relying upon the habitual offender statute. § 775.084(4)(a)3, Fla. Stat. (1985).
We have determined that the habitual offender statute may be relied upon to impose an enhanced sentence, but only if the sentence does not exceed the presumptive sentence. Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987); Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987); contra, Kersey v. State, 515 So.2d 261 (Fla. 5th DCA 1987). If the sentence is in excess of the recommended range, however, it cannot be sustained simply upon the trial court’s finding that the defendant is a habitual offender within the meaning of section 775.084(l)(a), Florida Statutes (1985). Whitehead v. State, 498 So.2d 863 (Fla.1986). In the matter at hand, the sole basis for departure is invalid. Whitehead. Dudeck’s sentence is reversed and we remand for resentencing consistent with the appropriate guidelines penalty. Fleming v. State, 499 So.2d 38 (Fla. 2d DCA 1986).
Dudeck claims the trial court assessed fees and costs against him at the sentencing hearing contrary to the holding in Jenkins v. State, 444 So.2d 947 (Fla.1984). We disagree. The record discloses the trial court’s announcement that it was imposing a ten year prison sentence and $20.00 to be paid to the Crimes Compensation Trust Fund. At that point in the proceeding, Dudeck’s counsel interrupted and asked whether court costs could be “worked off.” The trial court responded affirmatively and immediately resumed sentencing by imposing the $475 fee. The trial court then asked Dudeck if he had “[A]ny objections;” Dudeck responded “no, sir.” Notwithstanding the state’s conces *988 sion that Jenkim renders the $20 to be paid the Fund impermissible, our construction of the sentencing transcript produces a different result. We perceive the record as expressing Dudeek’s concurrence in each of those two aspects of the financial portion of the sentence.
Other costs were levied by the trial court but they were not mentioned at the hearing and hence there was no opportunity for Dudeck to object; they were simply embodied in the written judgment. The $2 imposed pursuant to section 943.25(4), Florida Statutes (1985), and the additional costs in the amount of $50 are, therefore, stricken. Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987).
This matter is remanded for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and LEHAN, J., concur.